## The People ex rel. Joshua B. Dickinson v. Thomas L. Sackett.

*Quo Warranto. Practice. New trial.* This Court will not attempt to review the proceedings on the trial of issues of fact framed for trial before a jury in the Circuit Court, except upon the Judge's report of the proceedings, rulings and evidence before him.

A new trial may be granted after a trial in quo warranto, upon the same grounds, and on the same showing as in civil cases generally. The practice, not being provided for, either by statute or rule of court, is governed by that of the common law.

THE PEOPLE v. SACKETT.

*The Judge's report, what it should contain.* The Judge's report is the foundation of the motion, and it should be as full, for the purpose of enabling the parties to raise the legal questions, as would be necessary in a bill of exceptions.

As the practice of proceeding by rule *nisi* has not been adopted here, the Judge can only be guided in making his report by the objections taken before him; and he would commonly be required to go no further than to show the pertinency of these objections.

But if the motion is to be on the ground that the verdict is against evidence, the evidence should not only be incorporated in the report, but the Judge should also express his opinion thereon for the guidance of this Court; and the parties should have an opportunity of appearing before the Judge, for the purpose of settling the report.

*Newly discovered evidence. Amendment.* The motion for a new trial, in this case, having been made without a report from the Judge, on various grounds shown by affidavits, and amongst others a refusal of the Judge to allow an amendment at the trial, so as to permit the introduction of newly discovered evidence, the Judge was directed to make his return in full, with his opinion upon the evidence, after giving directions for notifying the parties; and it was held, that, after the coming in of the report, the motion could be renewed, as well upon the report, as upon the affidavits of newly discovered evidence.

*Heard April 11th.    Decided April 25th.*

Information in the nature of a *quo warranto.*

In this cause certain issues of fact, arising upon the several pleas of the defendant, were referred for trial to the Circuit Court for the County of Macomb. A trial by jury was had in said Circuit Court, and the verdict returned to this Court. The defendant now moved for a new trial of said issues, and for leave to amend the pleadings, upon the grounds stated in the opinion of the Court.

*G. Hubbard* and *Maynard & Meddaugh,* for the motion.

*J. B. Eldridge, Wm. P. Wells* and *G. V. N. Lothrop,* contra.

COOLEY J.

In this case an information was filed to try the right of the defendant to the office of Register of Deeds for the County of Macomb. It appears from the papers before us that the relator and the defendant were opposing candidates for the office, and that the former appeared by the canvass to have a majority of eight of the votes legally cast; but the certificate of election was awarded to the defendant, and he has since been the actual incumbent. The principal questions raised by the

pleadings are, *first*, a fraudulent substitution of ballots in the township of Sterling for those cast by the electors; and *second*, the counting for the relator of certain ballots, in the township of Clinton, which were cast for the defendant.

Issues were agreed upon by the parties for the trial of these questions, and by an order of this Court they were sent to the Circuit Court for the County of Macomb for trial by jury. We have before us a certificate of the clerk of that Court, giving a copy of the verdict of the jury, by which it appears that they found no fraudulent substitution of ballots in Sterling, but that in Clinton three votes cast for the defendant were counted for the relator. Correcting the count in this particular, the relator would still appear to have a majority of two votes.

The defendant now moves us to set aside this verdict, and grant a new trial, for the reasons—*First*, that the Circuit Judge misconstrued the order of this Court transmitting said issues for trial, as giving him no power to continue the trial on cause shown, and refused a continuance on that ground; *Second*, that the Court erroneously permitted a witness to be recalled and examined after the cause was summed up, and refused to permit another to be sworn to contradict him; *Third*, that the Court refused to allow certain other mistakes in counting in the township of Clinton to be shown, which would have made a further relative difference of two in favor of the defendant in that township; *Fourth*; that the verdict was against evidence; *Fifth*, that new and material evidence has since been discovered which would have changed the result.

To show cause for the new trial, affidavits were produced by the *respondent*, purporting to give the evidence on the trial in full, with the various rulings of the Circuit Judge. The principal issue seems to have been upon the alleged fraud in Sterling. The inspectors of election, at the close of the polls, disregarding a plain provision of the statute to which their attention was called at the time, and which required

them to proceed. immediately to canvass the votes, and then publicly declare the result of the election,—*Laws* 1861 *p.* 294, adjourned the canvass to the next day, and it is alleged that at that time votes upon which the name of the defendant had been substituted by the electors for that of the relator, were not then to be found in the box. Voters seem to have been sworn to establish this fact. The ruling of the Circuit Judge excluding further evidence of mistakes in the township of Clinton, is alleged to have been on the ground that they did not fall within the issue as framed; and the reason given for not framing the issue broad enough to cover them was, because of misapprehension of counsel as to one error, and as to another, that in fact it was not discovered by the defendant until the time of the trial. On the other hand, the relator files affidavits denying that such rulings were made by the Circuit Judge as is alleged, and denying that any mistakes were discovered in Clinton which were not corrected by the jury in their verdict. Affidavits are also put in on both sides as to the alleged newly discovered evidence, and the defendant asks leave, if the motion for new trial is granted, to amend the issues so as to cover all the alleged mistakes in Clinton.

We do not think we should be warranted in disposing of the motions made on the papers which we have now before us. We have no report whatever from the Circuit Judge, and no means of determining what have been his rulings, or what was the evidence given on the trial, except as we gather the facts from the conflicting affidavits. The defendant has. a right to a review of the rulings made by the Circuit Judge on questions of law arising on the trial; but it would not only be exceedingly unsafe, but unjust also to the Judge, to permit such review upon any other statement of the proceedings than his own. In *Niagara Fire Insurance Co. v. De Graff*, 12 *Mich.* 10, the Court refused to allow anything to be added to, or treated as a part of the bill of exceptions, by the consent of the parties, which had not been incorporated therein by

the Judge himself; and the Court of Kings Bench in *Major v. Oxenham,* 5 *Taunt.* 180, declined to hear a rule for a new trial discussed without having the report of the Judge who tried the cause, though the facts were undisputed. If it is improper to discuss the Judge's rulings in the absence of his own statement, when the parties agree as to what they were, it is obviously still more improper to pass judgment upon them when we are only informed what rulings the Judge has made, by affidavits which it is impossible to harmonize.

The practice in reviewing trials upon issues in these cases, is not provided for in this state by either statute or rule of court; and it must therefore be governed by that at the common law. It was for a time doubted whether a new trial could be granted after trial on quo warranto, but it is now well settled that it stands in this respect upon the same footing as civil cases generally.—*Rex v. Francis,* 2 *T. R.* 484; *Rex v. Malden, Burr.* 2135; *Tidd Pr.* 911; 1 *G. & W. on New Trials,* 372, 533; *Note to People v. Richardson,* 4 *Cow.* 120. But the foundation of the motion is the Judge's report of the trial; and this report should be as full for the purpose of enabling the parties to raise the legal questions, as would be necessary for a bill of exceptions. If the motion is to be on the ground that the verdict is against evidence, the evidence should not only be incorporated in the report, but the Judge should also express his opinion thereon for the guidance of this Court. As the practice of proceeding by rule *nisi* has not been adopted here, the Judge can only be guided in making the report by the objections taken before him; and he would not commonly be required to go farther than to show the pertinency of these objections, and to report the findings. But as, in this case, the motion assails the verdict as against evidence, the report should also set it forth in full, and the parties should have an opportunity of appearing before the Judge, for the purpose of settling it. When the report comes in, the motion can be renewed, as well upon the report as upon the affidavits of newly discovered evidence.

The motion for leave to amend cannot well be considered, until we have the Judge's report, as it seems to be based upon what is alleged to have been first discovered at the trial, and excluded from the jury. If the real matters in controversy have not been fully tried, the case should be submitted to a jury again.—*Rex v. Malden, Burr.* 2135 ; *D'Ayrolles v. Howard, Burr.* 1385. And if, by mistake or otherwise, the defendant's plea has not made the issue sufficiently comprehensive, the verdict against him may be set aside for the purpose of amendment and new trial, on such terms as to the Court shall seem just.—*Rex v. Philips, Burr.* 292. Although the pecuniary interests involved are individual, the prosecution is both in name and in fact on behalf of the people, and it is of the utmost importance in every case, that if frauds or mistakes have changed the result of an election, they should be brought to light, while, if they are unjustly charged, the public confidence in the administration of the election laws should be restored by affording an opportunity to disprove them.

An order should be entered directing the Circuit Judge to make return of the proceedings and evidence, with his opinion upon the evidence, in accordance with these views. To enable him to do this satisfactorily, copies of all the affidavits presented for and against this motion, so far as they relate to the proceedings before him, should be served upon him, and he should assign a time for settling his report, and give directions for notice thereof. On the coming in of the report the motions can be renewed.

The other Justices concurred.