## The People ex rel. Gurdon O. Williams v. Edward V. Cicott.

*Quo Warranto: Change of Venue.* In *quo warranto* cases the statute being silent as to the place of trial of issues of fact involved therein, the Supreme Court will not send any such case for trial to a court other than that where the election took place, without the same showing as would authorize a change of venue.

Section 5300 of the Compiled Laws which authorizes an issue to be sent to such county as the Supreme Court may direct, .refers only to issues arising on the question of damages for the detention of the office, and not to those referring to the office itself.

*Heard April 16th.    Decided April 23d.*

Information in the nature of a *quo warranto.*

The information in this cause was filed to test the right of E. V. Cicott to the office of Sheriff for Wayne county; and this motion was made asking this court to send the issues to be tried to another county than Wayne.

*Maynard & Meddaugh* and *A. Pond,* for the people.

*C. I. Walker,* for respondent.

COOLEY J.

This motion was argued as if, under the statute, it were entirely a matter of discretion with us to send the case for trial to any county in the state; and if it were so, I think great force ought to be allowed to any reasonable suggestion that a trial in any particular county would be in danger of being improperly influenced. But after a most careful examination of the statute, I am satisfied that it is entirely silent on the subject of the place of trial, and that in this respect we must be governed by common law rules.

The first six sections of the chapter relating to informations — *Comp. L.* § 5291 – 5296 — specify the cases in which informations may be filed; provide for issue and return of summons, and that the right of the relator as well as the intrusion may be set forth in the information; prescribe what judgment upon the right involved shall be entered, the proceedings by the relator after judgment, and how the defendant may be compelled to deliver over official books and papers. Nothing thus far is said about the place of trial.

The next two sections, 5297 and 5298, authorize the relator, when judgment has been given that he is entitled to the office in question, to file a suggestion of damages, in the nature of a declaration in personal actions, to which the defendant may plead the general issue, and upon which he may recover the damages which he has sustained by reason of the usurpation. Then follows section 5300 which provides that, "All issues of fact or of law that shall be joined between the parties shall be tried and determined in the Supreme Court, or in the Circuit Court of such county as the Supreme Court may by special rule direct, and execution may issue on any judgment recovered on such trial as in other cases." The next section has reference to an assessment of damages where judgment has passed against the defendant without trial. It will thus

be seen that section 5300 is interposed between others which relate exclusively to the suggestion of damages and the proceedings thereon; that it seems to be the necessary complement to those sections and that all its terms are fully satisfied by applying it exclusively to the issues upon such suggestions.    I think we must infer that if the legislature designed a section thus placed to have a broader scope than those preceding and following it, they would not have left the intent to inference, but would have used language clearly expressing it.

It is worthy of note also that this section speaks of issues joined between "the parties."    There is no intimation here that any two classes of parties are intended. But to the issues on the information the people are parties; while to those on the suggestion, the relator is the party plaintiff, and the section next preceding had spoken of him in that character when providing for the issue and trial.    Both the natural and the grammatical construction require us to understand "parties" as used in section 5300 as referring to those just before spoken of in that character.    The section also provides that "execution may issue on any judgment that may be recovered on such trial." The word *execution* when thus used must be understood to refer to the writ by which damages or costs or both are collected: *Rathbun v. Ranney*, 14 *Mich.* 382, and these terms imply that *any* judgment which can be rendered on the trials referred to, may be enforced by this writ.    But the principal judgment on the information relates to the title to the office, and upon any of the issues except upon the suggestion of damages, there may be judgment without either damages or costs, and upon which, therefore, there can be no execution.

The silence of our statute as to the locality of trial, is owing, I have no doubt, to the sections being copied almost verbatim from the Revised Statutes of New York, where no provision on the subject was important, as the

issues would be sent for trial at the proper circuit under their general system. The provision in section 5300 as to the courts in which a trial of issues on the suggestion might be had, was introduced to prevent an incongruity which would have appeared if the corresponding section of the New York statute had been copied literally. That section provided that the issues should be determined as in personal actions; but as under our system personal actions are not tried in the Supreme Court, it seemed necessary to make special provisions. No such incongruous provision being found in the other sections, they seem to have been adopted substantially as they stood, and remain as silent as they were originally about the venue.

I infer from the manner in which Judge Green, the revisor, incorporates section 5300 with the provisions regarding the assessment of damages in his work on practice (§ 1356), that his construction of it is the same as my own.

It remains to be seen what was the rule on this subject at the common law. The proceeding by information is peculiar in its character, partaking of the nature both of a civil and of a criminal proceeding, and may be followed by fine of the defendant if he is convicted. *Comp. L.* § 5312. But, except as we may be justified in applying by analogy the rules of criminal law, we shall find almost an entire absence of authority as to the venue. Trials were sometimes ordered at bar in cases of importance: *Rex v. Amery*, 1 *T. R.* 363, and the Supreme Court of Wisconsin directed such a trial in a case where an important judicial office was in contest. *State v. Messmore*, 14 *Wis.* 115. This course might, I have no doubt, be taken in any case where questions of difficulty or of great public importance were involved. But if the case is sent to a Circuit Court for trial, and relates to an office which is local in its duties, I have no doubt it is to be treated as a local proceeding. That was the view of the Supreme

Court of Massachusetts in *Commonwealth v. Smead*, 11 *Mass.* 74, and of the Supreme Court of Ohio in the *case of the Bank of Mount Pleasant*, 5 *Ohio*, 250. It would seem to be the view of Judge Cowen also. See his valuable note to *People v. Richardson*, 4 *Cow.* 120. See also *Ang. and A. on Corp.* § 762 *and notes.* I have looked in vain through the books of practice and reports for any different intimation.

It follows that we are not at liberty to send this case to any other county than Wayne for trial, unless on such showing as would authorize a change of venue.

The other justices concurred.