costs in their favor in the court below, I think, was correct —*Strong v. Daniels,* 3 *Mich.* 466; but they should pay the costs of this court.

CHRISTIANCY J. concurred.

MARTIN CH. J. and CAMPBELL J. holding otherwise, according to their views expressed in the *McMillan* case.

The judgment below was affirmed by the division.

---

## The People ex rel. F. H. White v. Hermanus Doesburg.

*Quo warranto: Jury trial.* When an issue in quo warranto is sent down to the Circuit Court to be tried, the parties cannot be deprived of a jury against their consent.

*Heard and decided October 16th.*

*Quo warranto.*

The information was filed in this cause to test the right of respondent to the office of clerk of the County of Ottawa. The issue involving a question of fact, to wit; whether some twenty-four votes cast in the township of Spring Lake in said county, and counted for respondent, were legal or illegal, was referred to the Circuit Court for the County of Ottawa for trial.

On the trial of the issue a jury was duly demanded by respondent; but which demand the Circuit Judge refused to grant, on the ground that the case had been referred to the court for trial.

It was contended by counsel for respondent upon the calling of the case that it should be referred back to be tried by a jury.

THE PEOPLE *v.* DOESBURG.

*Moore & Griffin* and *T. B. Church,* for respondent, cited

    *Const. of Mich. Art. 4,* § 27; 1 *Comp. L.* 1861; *Sess. L. of* 1859, *p.* 150, § 1; 2 *Comp. L.* § 4346.

*Wm. L. Stoughton,* Attorney General, and *J. Baker* and *Geo. Gray,* for the People.

An issue of fact was found in this cause on the third day of May, 1867, and an order made transmitting it to the Circuit Court for the County of Ottawa for trial. The return of that court shows that a trial was had and a finding entered in favor of the relator; and which is returned with the evidence in the cause to this court.

The first question raised by the record is whether the defendant, under the order referring the case to the Circuit Court for the County of Ottawa for trial, was entitled to a jury. The language of the order is as follows: "That this cause be referred to the Circuit Court for the County of Ottawa for trial; and it is further ordered that said Circuit Court transmit the evidence taken on such trial, together with his findings and opinion thereon to this court." Can it be claimed under this order that the defendant is entitled to a jury trial? We think not. It is clearly referred to the court to try the case and report his findings and opinions; not the verdict of the jury. No objection having been made to this order, the right of a trial by jury must be deemed to be waived.— *Const. Art.* 6, § 27; *Sess. L.* 1859, 150.

But in any event the defendant cannot avail himself of this objection in this cause, for the record does not show that he demanded a jury "at or before the first call of the calendar."— *Rule* 61.

It must affimatively appear that there was error.— 4 *Ham.* 81; 1 *Aik.* 24, 380.

In quo warranto cases the decisions of the court below are to be reviewed upon the principles applicable to civil

actions, and not by those which prevail in criminal proceedings when the latter differ from the former.—4 *Seld.* 67.

The court held that it was not in its power, and was not intended, to deprive the party of his right to a trial by jury; and that the court below erred in not allowing it. The finding was therefore set aside and a new trial by jury ordered.

## Daniel M. Hall v. John G. Kellogg.

*Illegal assessment: Agricultural Society.* Under the statute, *Comp. L.* § 1687, a tax to be raised for agricultural societies can only be ordered by the supervisors when they have been informed by the sworn certificate of the proper officers of the society that at least $100 had been raised by the society.

Where an assessment for such purpose was made without such proof, it was void, and rendered a sale of land for taxes invalid.

*Bill to quiet title: Presumptive proof of complainant's title: Possession.* In a suit to quiet title under the statute, 2 *Comp. L.* § 3490, complainant is only bound to make out a case as against the defendant, and will not be required to make proof of title beyond that which, when establishing a presumptive case, has not been met by any proofs adequate to shake or destroy it.

Proof that a deceased person occupied land several years, and died in possession, is presumptive evidence of seisin in favor of his heirs or of purchasers from his estate; *a fortiori* in resisting a tax title set up under an assessment levied against the estate of the deceased by name.

*Presumption of existence of public records.* The law presumes that all officers intrusted with the custody of public files and records, will perform their official duty by keeping the same safely in their offices. If a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption therefore arises that no such document has ever been in existence. —*Platt v. Stewart,* 10 *Mich.* 260. Until this presumption is rebutted, it must stand as proof of such non-existence.

*Heard October 12th. Decided October 22nd.*

Appeal from Allegan Circuit in Chancery.

The bill in this case was filed by complainant, who was in possession of the premises, to quiet his title. The defendant relied upon a tax sale.

A decree was made in favor of complainant.