THE STATE, *ex rel.* FRED H. DAVIS, Attorney General, *et al.,* v. CITY OF AVON PARK.

158 So. 159.
En Banc.
Opinion Filed December 11, 1934.

*Walker & Wilson, Giles & Gurney* and *Mabry, Reaves, Carlton & White,* for Relators;

*S. Colquitt Pardee,* for Respondent.

BROWN, J.—This is a quo warranto proceeding instituted in this Court by the Attorney General, joined by numerous co-relators, seeking to oust the City of Avon Park from the exercise of municipal powers over certain lands alleged to have been unconstitutionally added to or embraced within the limits of the City by legislative enactment. By a divided Court, the demurrer of the relators to the City's amended answer was overruled, and the Court then held that as the answer presented issues of fact which the parties had the right to have determined by a jury trial, and that inasmuch as "this Court is without facilities for impanelling juries and conducting jury trials," the cause would be dismissed "without prejudice to the parties to institute like proceedings in the circuit court for the purpose of determining and having adjudicated the questions involved." And it was so ordered, and rehearing denied. See State v. City of Avon Park, 108 Fla. 641, 149 So. 409. This action of the Court was adhered to in its opinion overruling an extraordinary petition for rehearing, on December 22, 1933. See the foregoing opinion in State v. City of Avon Park, 151 So. 701. But during the same term, on supplemental petition of the relators for a reconsideration by the Court of its said action on the ground among others that for this Court to dismiss this proceeding and relegate the relators to the institution of a new action in the circuit court would for certain reasons therein stated seriously prejudice the rights of the co-relators, this Court, on January 8, 1934,

made an order reinstating the cause for further proceedings, and later, on May 15, 1934, entered an order permitting the parties to file briefs on the question of whether the cause should proceed to a hearing by this Court, or the circuit court, on the facts relevant to the amended information and the amended answer thereto.

Although this Court was not compelled, merely because disputed issues of fact had arisen, to dismiss the original proceedings in this Court and leave the parties to pursue their remedy by a new proceeding of like nature in the circuit court, it had the power, and it was within its discretion, so to do. In the case of State, *ex rel*. Ellis, Attorney General, v. Tampa Water Works Co., 57 Fla. 533, 48 So. 639, where similar action was taken in a quo warranto case begun in this Court, it was held, in the language of the opinion on petition for rehearing, that:

"This disposition of the cause leaves the remaining issues tendered purely issues of fact in the trial of which the parties have *in the Circuit Court* the right to a trial by jury, and inasmuch as such issues can be far more conveniently, economically and effectually tried and disposed of in the Circuit Court, the said cause is hereby dismissed from this Court, but without prejudice to the right of the relator or of the municipality of the City of Tampa to proceed against the respondent in the Circuit Court for Hillsborough County for relief by mandamus or by quo warranto, or under the provisions of the statute in such cases provided, as may be advised, to enforce alleged duties of the respondent or to test the question of forfeiture of its franchise by non-user or misuser; the State of Florida to pay the cost of this proceeding here." (Italics supplied.)

In a short per curiam opinion in State, *ex rel*. Landis v. Gamble, 112 Fla. 2, 150 So. 130, a quo warranto case, the

proceeding in this Court was dismissed without prejudice "with leave to reinstitute and try the same in the Circuit Court on the pleadings as settled by this Court." It was observed in the opinion that this Court had the power to conduct a jury trial here if it thought such action necessary or advisable "for good and sufficient reasons affecting the general State welfare," but that in ordinary cases the appropriate order was the one made in that case. No authorities were cited.

The case of State, *ex rel.* Watkins v. Fernandez, 105 Fla. 779, 143 So. 638, was an original proceeding in quo warranto in which a motion to quash was denied, and it appearing that testimony would have to be taken, the cause was dismissed "with leave to the relator to pursue his remedy in the Circuit Court." In the opinion of Mr. Justice TERRELL in that case, it was said:

"While we hold that relator brought the proper action to determine the right of respondent as nominee for Constable of the Fifth Justice District of Hillsborough County, we think that there are patent reasons why we should not retain jurisdiction of the cause. In the first place the Circuit Court has co-ordinate jurisdiction with this Court to grant the writ, the issues are such that testimony will have to be taken and they may present themselves in such a way as to command a jury. This Court has never impaneled a jury and has no facilities for taking testimony. It was never intended that it perform the function of a *nisi prius* court, this being peculiarly within the province of the Circuit Court. If we take original jurisdiction in this contest other matters of similar character will press us for attention to such an extent that the appellate work will be very much delayed.

"This is primarily a court of appeals and while it has

concurrent jurisdiction with the Circuit Court to issue writs of quo warranto it has consistently declined to do so except in cases where the public interest demanded and then on an agreed statement of facts. Either party has the right to appeal if aggrieved at the judgment where rendered by the Circuit Court."

The Fernandez case was cited with approval, and the same order made, in State, *ex rel*. Gillespie v. Mobley, 144 So. 840, though that was a mandamus case, in which no jury trial was demandable, but it appeared therein that testimony would have to be taken "which can much more conveniently and economically be taken by the Circuit Court."

The case of State, *ex rel*., v. County Commissioners, 21 Fla. 1, was a mandamus proceeding instituted in this Court. The relators took issue upon four paragraphs of the return, and on these issues of fact, the respondents demanded a trial by jury, which demand the realtors opposed. The motion for a jury was denied. Chief Justice RANDALL filed the following brief opinion on that point (21 Fla., page 19):

"On the motion of respondents that a jury be called to try the issues of fact. Statute of 9 Anne refers to specific cases, viz.: controversies between persons claiming offices and archives.

"The principles of pleading in such cases provided in that Act have been adopted by the courts generally.

"At common law no issues were tried. The return was conclusive. But since that Act issues have been allowed to be made up and tried.

"We have no statute requiring or authorizing such issues to be tried by a jury in this Court. No such statute existed when the Constitution was adopted.

"Constitutional jurisdiction of the writ is conferred on this Court, and the proceeding is at common law.

"The right of trial by jury *preserved* by the Constitution is not *extended* to cases where it did not exist before.

"Statute 9 Anne, ch. 20; High Mand., p. 647; High Ex. Remedies, 448; Universalist Ch. v. Columbia, 6 Ohio R., 446; Chumasero v. Potts, 2 Mont., 265; Castle v. Lawlor, 47 Conn. 340."

The trial of the issues of fact then proceeded. Witnesses were examined orally and documentary evidence introduced. But that was a case wherein the parties would not have been entitled to a jury, even if the case had been instituted in the circuit court. It has been held in a few jurisdictions that a trial by jury in mandamus cases is a constitutional right, but in most of the States a jury trial is denied. 18 R. C. L. 355; 35 C. J. 179, 64. "Where jurisdiction of the proceeding is vested in the Supreme Court by the Constitution of the State, it is held to be constitutional recognition that the facts shall be determined by the court without the intervention of a jury." 35 C. J. 179, Section 63. In the case of State, *ex rel.* Knott v. Haskell, 72 Fla. 232, 73 So. 584, a mandamus case, the issues of fact were tried by this Court without a jury.

On the other hand, this Court has held that, in *quo warranto proceedings,* in the *circuit court,* the right to a trial by jury on issues of fact exists, and is guaranteed by the third section of our Bill of Rights. Buckman v. State, 34 Fla. 48, 15 So. 697; Van Dorn v. State, 34 Fla. 62, 15 So. 701. The question of a right to a jury trial in quo warranto proceedings instituted in this Court was not involved in those cases. See 17 Encyc. Pldg. & Prac. 479, and 51 C. J. 359, and note in 5 Anno. Cases, p. 641, from which it appears

that the holding in the Buckman and Van Dorn cases is in line with the weight of authority.

But no such right to a jury trial in quo warranto cases exists in this Court. As was said by Chief Justice RANDALL in the mandamus case above cited and quoted from: "We have no statute requiring or authorizing such issues to be tried by a jury in this Court. No such statute existed when the Constitution was adopted." And, as was said by Mr. Justice TERRELL in the Fernandez case: "This Court has never empanelled a jury and has no facilities for taking testimony. It was never intended that it perform the function of a *nisi prius* court."

And, we might add, there is neither statute nor constitutional provision for the preparing of a jury roll, or jury box for use in this Court, or for the summoning or empanelling or compensating of jurors therein. When the relators filed this suit in this Court, and the respondents filed their answer, they were chargeable in law with notice or knowledge of the fact that no jury trial could be afforded them here, and that if an issue or issues of fact developed, this Court might do as it had done before—terminate the case in this Court without prejudice to relator's right to commence a new proceeding in the circuit court, which court, unlike this one, is equipped with all the machinery for the adjudication of such factual issues.

However, the latter is not the only alternative. When the Constitution, in Section 5 of Art. V, vested this Court with power to issue writs of quo warranto, mandamus, habeas corpus, etc., it necessarily vested it with at least discretionary power to proceed in all such causes to final judgment, and it is not deprived of this power merely because the pleadings result in the creation of issues of fact which this Court cannot impanel a jury to try. This question was discussed

by Mr. Justice MABRY in Buckman v. State, *supra* (See p. p. 59-61 of 34 Fla., pp. 700-701 of 15 So.), but, not being involved in that case, was, very properly, not decided. There is considerable conflict in the authorities. See 22 R. C. L. 715-716; 35 C. J. 178, and cases cited. In the cases of Taliaferro v. Lee, 98 Fla. 92, 13 So. 125, the Court in its opinion, after calling attention to the fact that both the Constitution and the statutes of Alabama had vested that Court with jurisdiction to issue writs of quo warranto, had this to say:

"In all these provisions, both of the several constitutions and statutes, this writ has been classed with the extraordinary remedies of mandamus, injunction, habeas corpus, and certiorari, which have always been determinable by the court, both upon issues of law and fact, without the intervention of a jury. To hold that a trial by jury is the constitutional right of the relator and respondent in quo warranto would be to nullify the provision of the Constitution conferring original jurisdiction in certain cases upon the Supreme Court to issue and try the writ, since that Court is without power or authority to impanel a jury for the trial of any cause before it. This fact was known to the makers of the Constitution, and is conclusive to show that they considered the trial of title to an office by quo warranto as in the nature of an extraordinary remedy, triable by the Court as other extraordinary remedies, and in respect to which the right to a jury trial was not supposed or intended to be secured by the Constitution."

This reasoning of the Alabama court is indeed very cogent, insofar as it applies to jury trials in our own court, and we approve it. But a contrary conclusion was reached by the Supreme Court of Oklahoma, in State, *ex rel.* West v. Cobb, 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.)

639, which held that the right to a jury trial existed in that court, even though it could not be granted. The fourth headnote in that case reads as follows:

"4. The Supreme Court has jurisdiction of original actions in the nature of quo warranto, when the issues involved are *publici juris,* but where, on the bringing of such action, it is made to appear that an issue of fact is involved, or will be involved, and that a jury will be demanded for the trial thereof, the same will be dismissed, as no power or procedure exists in this court for summoning, impanelling, or paying a jury. Nor have we any warrant for sending the action to any other tribunal possessing such authority for trial of such issues."

In 22 R. C. L. 715-716, the following appears:

"The discussion concerning the right to trial by jury not infrequently arises in cases brought originally in a supreme or appellate court, which has no means of granting a jury trial, and where a state constitution provides that the right to such trial shall remain inviolate and extends the right to all cases at law, and likewise provides for the original jurisdiction of the supreme or appellate court of remedial cases. A distinction is drawn between cases 'at law' and 'remedial cases,' including quo warranto in the latter term, and the supreme courts have sustained their original jurisdiction notwithstanding the resultant denial of the right to a jury trial. In some jurisdictions, however, it appears to be the practice for the supreme court to call a jury for the purpose of passing on the facts. Where, however, it is manifest that the supreme court has no right to impanel a jury or to transfer a case to a court with a jury, and the conclusion is reached that a jury trial is a matter of right in quo warranto proceedings, there can of course be no original pro-

ceedings in quo warranto brought or maintained in the supreme court."

The article in Corpus Juris on Quo Warranto, 51 C. J. 360, has a paragraph on this subject, citing a number of cases, which reads as follows:

"*Original proceeding in appellate court.* In a proceeding brought originally in the highest court of the state, the court tries the facts, as well as determines the law. When a commissioner has been appointed, his findings of fact are advisory only, and the court has ample power to go behind the findings and examine the evidence, not only where exceptions to the findings are filed, but even where the findings are in favor of defendant as to a particular cause of action and counsel for the State concedes that the evidence is not sufficient to support that cause of action. In some jurisdictions the case may be sent down to the circuit court of the county where the controversy arose, for the trial of issues."

The last sentence in the foregoing paragraph cites in the notes several Michigan cases, among them People v. Cicott, 15 Mich. 326, which case is also cited by Dr. Crandall in his excellent work on Florida Common Law Practice, at page 676.

The Michigan case referred to was concerned mainly with the interpretation of a statute which appeared to give the Supreme Court of Michigan authority to either itself try, or to send, any quo warranto case involving issues of fact to the circuit court of any county that it saw fit. The court held that that provision of the statute herein discussed referred to issues arising only on the question of damages, and that the case should therefore be sent to the circuit court of the county where the controversy arose. That

portion of the opinion dealing with the practice at common law reads as follows:

"It remains to be seen what was the rule on this subject at the common law. The proceeding by information is peculiar in its character, partaking of the nature both of a civil and of a criminal proceeding, and may be followed by fine of the defendant if he is convicted. Comp. L. 5312. But, except as we may be justified in applying by analogy the rules of criminal law, we shall find almost an entire absence of authority as to the venue. Trials were sometimes ordered at bar in cases of importance: Rex v. Amery, 1 T. R. 363, and the Supreme Court of Wisconsin directed such a trial in a case where an important judicial office was in contest. State v. Messmore, 14 Wis. 115. This course might, I have no doubt, be taken in any case where questions of difficulty or of great public importance were involved. But if the case is sent to a circuit court for trial, and relates to an office which is local in its duties, I have no doubt it is to be treated as a local proceeding. That was the view of the Supreme Court of Massachusetts in Commonwealth v. Smead, 11 Mass. 74, and of the Supreme Court of Ohio in the case of Bank of Mount Pleasant, 5 Ohio, 250. It would seem to be the view of Judge Cowen also. See his valuable note to People v. Richardson, 4 Cow. 120. See also Ang. and A. on Corp., 762 and notes. I have looked in vain through the books of practice and reports for any different intimation.

"It follows that we are not at liberty to send this case to any other county than Wayne for trial unless on such showing as would authorize a change of venue."

The position of the Missouri Supreme Court, as stated in the first and fourth headnotes in the case of State, *ex rel.* Atty. General v. Vail, 53 Mo. 97, is as follows:

"This Court has jurisdiction of informations in the nature of quo warranto, whether filed by the Attorney General, or by a private person; though, where other tribunals have been provided for their adjudication, having all the power of this Court (subject to appeal), and more facilities for the trial of issues that may arise, this Court has generally declined the investigation of such cases."

"The 17th section of the Bill of Rights, declaring the right of trial by jury inviolate, is manifestly applicable to criminal proceeedings proper, and cannot be understood to require this Court on habeas corpus, or quo warranto, or certiorari, to summon juries."

We have no constitutional or statutory provision authorizing this Court to transfer or send cases pending therein to circuit courts, for trial by jury, or otherwise, although the latter courts have concurrent jurisdiction with this Court in such class or classes of cases. The Constitution and statutes passed pursuant thereto have vested and delimited the jurisdiction of both this Court and the circuit courts, and we do not think that this Court has the authority to follow the practice of the English courts, as outlined in Crandall's Florida Common Law Practice, pp. 676-677, by which a superior court sends down a case for jury trial in an enferior court, which returns the certified copy of the record of the case so sent down with the verdict endorsed thereon, and the case then proceeds again in the superior court. A somewhat similar procedure seems to have been followed in Michigan, but, as we understand the Michigan cases, largely by virtue of their peculiar statute. *Per contra,* see the very able and learned opinions in State v. Moores, 56 Neb. 1; State v. Johnson, 26 Ark. 281; State v. Barker, 119 Kan. 853, 241 Pac. 253, wherein the right to proceed, without a jury, in the Supreme Court was upheld.

By plain and unmistakable language this Court has by the Constitution been given original jurisdiction in quo warranto proceedings, and, as pointed out in some of the cited cases, this necessarily implies the power to try all issues of law and fact and proceed to final judgment, even though it has to do so without the intervention of a jury. However, for reasons already pointed out, this Court can, in the exercise of its discretion, either decline to take jurisdiction, or if, after jurisdiction has been taken, issues of fact are arrived at, it can then dismiss the cause without prejudice to the right of the relator to institute proceedings in the circuit court, which has concurrent jurisdiction and is equipped with adequate facilities for trying such issues.

But this Court should not so exercise its discretion in this regard as to prejudice the rights of the parties. And as it appears from the averments of the supplemental petition filed by the relators that the rights of the relators would be prejudiced by a dismissal of this cause and the beginning of a new suit in the circuit court, this Court has reinstated the cause for further proceedings. In the light of what has already been said, our decision is that such further proceedings should be in this Court; and as we cannot impanel a jury, nor can we, without impairing our efficiency in the performance of our primary duty as an appellate court, proceed to take testimony at the bar of this Court, which testimony in all probability will be voluminous, a commissioner will be appointed for that purpose. Every court has inherent powers to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, subject to, or not in conflict with valid existing laws and constitutional provisions. Keen v. State, 89 Fla. 113, 103 So. 199.

It is therefore ordered that Circuit Judge W. J. Barker,

of Sebring, Florida, be and he is hereby appointed as the Commissioner of this Court and vested with authority to administer the usual oath to witnesses and to take such testimony and evidence as the respective parties to this cause may submit on the issues of fact raised by the amended information of the relators and the amended answer of the respondent, such evidence to be taken as promptly as may be at such suitable place in the City of Avon Park, and at such time or times, as said Commissioner shall designate, and give due notice thereof to the parties or their counsel of record, the same to be reported in full and' returned to and filed in this Court, together with his findings of fact, as soon thereafter as is reasonably possible.

It is so ordered.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., disqualified.