STATE, *ex rel.* FRANK G. CLARK, v. WARD KLINGENSMITH

170 So. 616
Opinion Filed November 9, 1936.

*Russell Snow,* for Relator;

*Crofton & Wilson* and *Waller & Pepper,* for Respondents.

PER CURIAM.—This is original quo warranto instituted by Frank G. Clark in the name of the State of Florida, under Section 5447 C. G. L., 3582 R. G. S., upon the Attorney General's refusal to bring proceedings against Ward C. Klingensmith.

Relator, in this proceeding, is questioning by what authority respondent is using, enjoying, exercising and performing the franchise functions and powers of the office of County Commissioner of the first Commissioner's District of Brevard County, Florida. Relator claims that he was the duly elected County Commissioner in this District at the general election held November 6, 1934. The final canvass and return of the County Canvassing Board on this office was Clark, the relator, 1204, and Klingensmith, the respondent, 1209.

The information challenges 22 ballots, which it divides into four groups. It is alleged that eight absentee ballots were improperly counted for respondent when they should not have been counted at all. It was also stated that the ballots of four persons who had not resided in the county for six months preceding the election were counted for respondent. It was alleged that seven persons voted in an election district in the county in which they did not reside, and that all seven votes were for respondent and were counted. It was also alleged that two absentee votes regular in every respect and a ballot with the "X" mark on the right side of candidate's name, all cast for relator, were not counted.

Rule *nisi* issued to respondent to show by what authority he held the office of County Commissioner of Brevard County in the first Commissioner's District.

After respondent's motion to strike and motion to quash were denied, State, *ex rel.* Clark, v. Klingensmith, 121 Fla. 297, 163 Sou. Rep. 704, respondent was allowed 20 days in which to answer the information.

The answer denies the material parts of each paragraph of the information; denies that 19 illegal ballots were counted for respondent and that 3 ballots legally cast were not counted for relator. The answer set up affirmative matter of defense by challenging six votes, alleging that two absentee ballots lawfully cast for respondent were not counted; that two unlawful absentee ballots cast for relator were counted; and that two persons who voted for relator voted in a precinct in which they did not reside. In addition, the answer alleges irregularities in the manner of conducting the election in eight precincts in Brevard County.

Motion to strike parts of the answer has been denied. Since that time no further action has been taken by either party. The several issues of fact already having been reached by the pleadings, there remains nothing to be done except to have the issues of fact settled by a competent and appropriate body.

The right to trial by jury on issues purely of fact, arising in proceedings by quo warranto, is guaranteed by the third section of the Bill of Rights of the Constitution. Buckman v. State, *ex rel.* Spencer, 34 Fla. 48, 15 Sou. Rep. 697, 24 L. R. A. 806; Van Dorn v. State, *ex rel.* Clarke, 34 Fla. 62, 15 Sou. Rep. 701; State, *ex rel.* Attorney General, v City of Avon Park, 108 Fla. 641, 149 Sou. Rep. 409; State, *ex rel.* Landis, v. S. H. Kress & Co., 115 Fla. 189, 155 Sou. Rep. 823.

As to the right of trial by jury in such cases, when issues of fact are to be determined, we said in Buckman v. State, *ex rel.* Spencer, 34 Fla. 48, 15 Sou. Rep. 701:

"When the right of trial by jury is secured by constitutional provision in general terms like ours, and without any qualification or restriction, it must be understood as retained in all those cases that were triable by jury according to the course of the common law. The provision in the first Constitution, framed in 1838, 'that the right of trial by jury shall forever remain inviolate, contemplated, without doubt a continuation of jury trials in all cases where such was the practice at the common law, and there is nothing in the subsequent Constitutions to indicate a change of meaning in this respect. It will be remembered that in 1829, prior to the formation of the Constitution in 1838, the Legislature had expressly adopted the common law of England as in force in the territory of Florida. But it was never understood that the right of trial by jury secured by such a constitutional provision, extended to all cases, as there were many trials and proceedings according to the course of the common law, in which juries did not participate."

Further on in the case of Buckman v. State, *ex rel.* Spencer, *supra,* text page 57, *et seq.,* we decided as follows regarding the right to jury trials at common law in quo warranto proceedings:

"The question, whether or not the issues purely of fact made upon the pleadings and informations in the nature of *quo warranto* were triable by jury at the common law, has given rise to some diversity of opinion in some of the American courts. In the present investigation we are confined to the proceedings by information in the nature of *quo warranto* which, in its origin, was undoubtedly criminal in nature as well as purpose in part. Our examination into the matter has conducted us to the conclusion that at the time of the revolution the trial of pure questions of fact,

in such proceedings was by jury. It is stated in 5 Bacon's Abr., page 188, under the head of informations, that 'as an information of this kind (*quo warranto*) is now considered rather as a civil proceeding, a new trial may be granted as well where there has been a verdict in favor of the defendant, as where it has been given in favor of the crown.' Again on page 187, 'where the defendant sets forth a bad title to the office, and confesses the user, that amounts to a confession of the usurpation, and if an immaterial issue is joined, and a verdict found on which the court can not give judgment, yet they will not grant a repleader, but will give judgment on the plea.' In the following English decisions in such cases trials by the jury on the issues of fact were had, *viz.*: Rex v. Bennett, 1 Strange 101; Rex v. Bell, 2 Strange 995; Nevill v. Payne, 1 Croke 304; Rex v. Francis, 2 Term. Rep. 484; Rex. v. Philips, 1 Burrow 293; Rex v. Carpenter, 2 Shower 47; Rex v. Malden, 34 Burrow, 2135, Rex v. Bridge, 1 Wm. Blackstone 46. In Rex v. Bennett all the judges of England were equally divided, the division being equal in each court, over the question whether a new trial could be granted after a verdict in favor of the defendant in such proceeding. The view that the suit was criminal then widely prevailed, but this point was finally settled in favor of the view above announced, that the action, though criminal in form, was regarded as a civil suit for the purpose of trying the right to the franchise. It seems also that a bill of exceptions was allowed in such proceedings. Bacon's Abr., *supra*. And in People v. Sackett, 14 Mich. 243, it was held that the appellate court would not review the proceedings on the trial of issues of fact in such cases by a jury in the Circuit Court without the judge's report of the proceedings, rulings and evidence before him.

"Angell & Ames on Corporations, state, Sec. 741, 'that if a *prima facie* case of usurpation is made out, and there appears a fair doubt on the title of the defendant, the court will not discuss the question in the summary way of motion, but send the facts to a jury.' Several English cases are referred to in which the court thought proper to send the question to a jury, or leave the parties to bring the matter more solemnly before the court on demurrer. In a great many of the American courts, and we think a clear majority of them, parties have a right to have the jury pass upon purely questions of fact in such proceedings. We refer to some of them: People v. A. & S. R. R. Co., 57 N. Y. 161; People v. Dolsburg, 16 Mich. 133, Harbaugh v. Cicott, 33 Mich. 241; State v. Norton, 46 Wis. 332; State v. Burrett, 2 Ala. 140; Lee v. State, 49 Ala. 43; Commonwealth v. Woelper, 3 Serg. & R. 29; Commonwealth v. Smith, 45 Penn. St. 59; State v. Funck; 17 Iowa 365; State v. Turnpike Co., 10 Conn. 157."

There are three acknowledged methods of disposing of an original case in quo warranto where there are issues of fact to be tried.

First, the appellate court may recognize that there are issues of fact to be decided or that the controversy is not of state-wide interest, and decline to take jurisdiction of the case without prejudice to the right of relator to institute proceedings in the Circuit Court. State, *ex rel.* Watkins, v. Fernandez, 106 Fla. 779, 143 Sou. Rep. 638.

Second, upon reaching an issue in the pleadings in original quo warranto, where there are facts that must be decided by a jury, the appellate court can dismiss the proceedings without prejudice so that they may be instituted in the Circuit Court and trial there had on the issues settled

in the appellate court. State, *ex rel.* Landis, Atty. Gen'l v. Gamble, 112 Fla. 2, 150 Sou. Rep. 130.

Third, the appellate court may take jurisdiction of the case and if there are issues of fact to be decided, a commissioner of the court may be appointed to take testimony and refer it back to the appellate court, together with his findings, which are advisory only. State, *ex rel.* Davis, Atty. Gen'l v. City of Avon Park, 117 Fla. 565, 158 Sou. Rep. 159.

Where quo warranto is originally begun in the appellate court and issues of fact develop that must be tried by a jury, a fourth method of procedure has been followed in some cases. Such method is as follows: The appellate court directs its clerk to certify a copy of the record to the trial court of the county where the controversy is alleged to have taken place, there to be tried before a jury. After the jury trial the verdict is endorsed on the record and forthwith returned to the appellate court. The appellate court will then hear any motions that may be made or enter judgment in the case. The case throughout is an original case in the appellate court and the rulings of the trial judge during the course of the trial must be reviewed by the appellate court as if the trial had taken place before it. Crandall's Florida Common Law Practice, pages 676-678, citing: Andrews' Stephen on Pleading (2nd Ed.) 217, Secs. 119, 122, 127; People v. Sackett, 14 Mich. 243; People v. Robertson, 27 Mich. 116; People v. Plymouth Plank Road Co., 32 Mich. 249.*

---

*But in the recent case of State, *ex rel.* Davis, Att'y Gen'l, v. City of Avon Park, 117 Fla. 565, 158 Sou. Rep. 159, this Court refused to follow the latter method of procedure, saying that it was not adapted to being used in this State because such procedure was not provided for by any constitutional or statutory provision. The language of that decision is as follows:

Section 3 of the Bill of Rights to the Constitution provides that "the right of jury trial shall be secured to all, and shall remain inviolate forever." Article V, Section 5, of the Constitution confers on the Supreme Court original jurisdiction in quo warranto proceedings that at common law were triable by jury at the time the Constitution was adopted.

The most appropriate method of settling issues of fact in a case like the present involving purely private rights, is to follow the procedure adopted in State, *ex rel*. Atty. Gen'l Landis, v. Gamble, 112 Fla. 2, 150 Sou. Rep. 130, by dismissing now the proceedings here without prejudice so that supplementary proceedings may be instituted in the Circuit Court of Brevard County and due trial there had before a jury on the issues of fact raised by the pleadings herein as now settled in the Supreme Court on the present record.

It is thereupon ordered that these proceedings in quo warranto be now dismissed with leave to file copies of the duly settled pleadings herein as an original suit determinable in the Circuit Court, there to be tried before a jury in due form of law unless a trial by jury be affirmatively waived by the parties.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., concurs in the result.

"We have no constitutional or statutory provision authorizing this Court to transfer or send cases pending therein to Circuit Courts for trial by jury, or otherwise, although the latter courts have concurrent jurisdiction with this Court in such class or classes of cases."

In that case a circuit judge was appointed to act as commissioner of the Supreme Court to take testimony and made a report of his findings, although there was likewise no constitutional or statutory provision for that method of procedure.