STATE, *ex rel.* FRANK G. CLARK v. FRANK A. SMITH, Judge of the Circuit Court of the 9th Judicial Circuit.

183 So. 730.
Division A.
Opinion filed October 10, 1938.

*Fred S. Scott* and *Emory Akerman,* for Relator;
*Crofton & Wilson,* for Respondent.

BUFORD, J.—This is an original proceeding in mandamus wherein it is sought to coerce the Hon. Frank A. Smith as Circuit Judge to "show cause before this Honorable Court on or before ten o'clock in the forenoon on the 15th day of November, A. D. 1937, as to why an order should not issue from this Court requiring you to place the said case of Frank G. Clark v. Ward C. Klingensmith upon the docket of the next ensuing term of the Circuit Court of the Ninth Judicial Circuit and thereupon to try the issue of fact as raised by the duly settled pleadings in the said case."

Demurrer and motion to quash the alternative writ have been interposed.

The allegations of the alternative writ are not sufficient to show that the respondent did not act within the sound exercise of judicial discretion in granting the motion to dismiss complained of in the petition for alternative writ which order was as follows:

"This cause came on to be further heard upon motion of defendant (respondent in quo warranto) to dismiss, which said motion was on the 17th day of September, 1937, filed in said cause and counsel for plaintiff, Fred S. Scott and Emory Akerman, and counsel for defendant, W. D. Wilson, being present in Court and having waived notice of final hearing on said motion and after argument of counsel for the respective parties and the Court being advised of the premises is hereby ordered, adjudged and decreed that said motion to dismiss be and the same is hereby granted.

"It Is Further Ordered, Adjudged and Decreed that the respective parties shall pay their separate costs which have accrued in the Circuit Court in said cause.

Done and Ordered in Chambers at Orlando, Florida, this 17th day of September, A. D. 1937.

Frank A. Smith,<br>
Circuit Judge.

"No. 15143

| | Filed Sep 18 1937 |
|---|---|
| at 12 o'clock     M | Recorded in the Public Records |
| of Brevard County | in the Book and page noted above. |
| Florida | G. M. Simmons |
| | Clerk, Circuit Court. |
| | By J. Paul Conway |
| | Deputy Clerk |

"(CT. CT. SEAL)"

There is no allegation in the alternative writ showing that the order above quoted was not one which the Circuit

Judge had jurisdiction to make and enter at the time it was made and entered.

The relator relies on our opinion and judgment entered here on November 9th, 1936, reported as Clark v. Klingensmith, 126 Fla. 124, 170 Sou. 616, wherein we said:

"The most appropriate method of settling issues of fact in a case like the present involving purely private rights, is to follow the procedure adopted in State, *ex rel.* Atty. Gen'l Landis, v. Gamble, 112 Fla. 2, 150 Sou. Rep. 130, by dismissing now the proceedings here without prejudice so that supplementary proceedings may be instituted in the Circuit Court of Brevard County and due trial there had before a jury on the issues of fact raised by the pleadings herein as now settled in the Supreme Court on the present record.

"It is thereupon ordered that these proceedings in quo warranto be now dismissed with leave to file copies of the duly settled pleadings herein as an original suit determinable in the Circuit Court, there to be tried before a jury in due form of law unless a trial by jury be affirmatively waived by the parties."

The allegations of the alternative writ are not sufficient to show that the relator acted with diligence in proceeding in the court below, or that the term of office which was the bone of contention in the Court below had not expired before the copies of pleading referred to in our opinion and judgment, *supra,* were filed in the court below, or that conditions had not so changed as to make the trial of issues presented by such pleadings a vain and useless thing which could accomplish no useful purpose.

It is admitted in the briefs filed in this cause that the term of office involved in the quo warranto suit had expired several months before the copies of pleadings were filed in

the lower court and that our judgment, *supra,* was entered before the term of office expired.

For the reasons stated, the motion to quash is granted with leave to amend within fifteen (15) days from the date of entry of this order and, if no sufficient amendment be so filed, the cause stand dismissed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur in the opinion and judgment.