**STATE, ex rel. MILTON v. RICHARDSON.**
No. H. C. 2873.

Circuit Court, Dade County.

June 22, 1967.

Tobias Simon and Alfred Feinberg, both of Miami, for plaintiff.

Arden Seigendorf, Assistant Attorney General, Miami, for defendant.

RAYMOND G. NATHAN, Circuit Judge.

*Final order:* On October 28, 1966 a petition for an order of delinquency was filed by the assistant probation officer of the Dade County juvenile court stating that Richard Milton, age 15, was irregular in his attendance (a truant) at school in that he had been absent 27 days since September 6, 1966. On November 4, 1966 a summons thereon was issued and served on Richard's parents directing them to appear at a juvenile court hearing with Richard on November 14, 1966, to answer such petition. The summons did not relate the charges nor was a copy of the petition given or read to Richard or his parents at the time of service

of summons although Richard and his mother knew the hearing was in connection with his school attendance.

On November 14, 1966 Richard and his mother appeared at the juvenile court hearing at which time the judge, the assistant principal of Richard's school, the assistant probation officer, and a teacher, were present. The charges were then read to Richard and his mother. The principal produced Richard's school attendance record for the judge to see and the judge asked Richard if he was absent from school for such 27 days. Richard said "Yes". Richard was not represented by counsel. Neither Richard nor his mother were advised at any time they had right to counsel, or asked if they wanted an attorney. The court then entered an order finding Richard to be a delinquent and committed him to the Dade County detention home for an indefinite period of time, but suspended sentence and placed him on indefinite probation under supervision of a officer of the court.

On January 3, 1967 Richard's probation was revoked because of truancy by hearing before the juvenile judge and he was committed to the Dade County detention home for six months. On January 5th his committment was suspended, and he was again placed on probation in custody of his mother until further order of the court.

On April 18, 1967 summons was served on Richard's parents to appear with Richard on April 24th to answer a petition to revoke his probation because he was driving a car in a reckless manner in the company of a known felon and was a truant. Two continuances were granted by the court at the request of Richard's parents so that a lawyer could be obtained. On May 22nd an order was entered following a hearing before the court which revoked Richard's probation and committed him to Dade County detention home for 6 months. At the revocation of probation hearings on January 5th and April 24th neither Richard nor his parents were — (1) advised of the right to counsel or represented by counsel (although they had sought counsel for Richard for the last revocation of probation hearing), (2) given a copy of the charges prior to trial, or (3) advised of his right against self incrimination.

This court is not the reviewing authority of the juvenile court, thus the scope of the inquiry is limited. While the question of jurisdiction of this court was not raised by respondent, habeas corpus may be entertained by this court to determine whether the essential proper procedural steps were taken by the juvenile court in detaining Richard. Frederick v. Rowe, 140 So. 915.

The main thrust of Richard's petition for his release is that all hearings were held without — (1) notice prior to the hearing of the charges against him, (2) advising him or his parents of his right to counsel, (3) his right to confrontation and cross examination of witnesses, or (4) his privilege against self incrimination.

Prior to the recent decision of the United States Supreme Court, In re Gault, _____U.S._____, 35 L.W. 4399 (May 15, 1967), the law of Florida was well settled with respect to the rights of juveniles in juvenile court proceedings. In re T.W.P., Fla. App., 184 So.2d 507. The guidelines in the *Gault* decision relate to the proceeding by which a determination is made as to whether a juvenile is a delinquent and do not relate to problems of pre- and post-adjudication. Our concern, therefore, is with the initial hearing when Richard was declared a delinquent and his probation revoked in a hearing on November 14th, 1966.

Respondent contends that because the petitioner's detention resulted from a truancy and not the violation of a law, which if committed by an adult would constitute a misdemeanor or felony, the *Gault* decision is inapplicable. This court is constrained to feel that the *power* of the juvenile court, under chapter 39, Florida Statutes, to deprive a delinquent of his liberty from the date of confinement until he attains 21 years of age because of persistent truancy — which does not constitute a misdemeanor or felony — is sufficient to reject respondent's contention. The rationale of *Gault* is not the nature of the *offense* but the deprivation of liberty —

> "[T]he Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in committment to an institution in which the juvenile's freedom is curtailed, the child and his parent must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child."

Prior to *Gault,* the time for appeal by petitioner from the original order of the juvenile court adjudicating him a delinquent had passed. The remaining question for the court to decide, therefore, is whether or not *Gault* should be applied retroactively in this case.

It is unnecessary to discuss the historical background of the retroactive-prospective application of overruling decisions in the area of constitutional due process, except to say that it has been

recognized by courts generally that judicial decisions were given retroactive effect from an early date. 1 Blackstone Commentaries 69 (15th ed. 1809). The present posture of the law is that when *"the fairness of the trial — the very integrity of the fact-finding process"* is under attack, retroactive effect will be recognized. Gideon v. Wainwright, 372 U.S. 335 (1963).

In *Gideon* the United States Supreme Court recognized it as a fundamental fact that a layman, no matter how intelligent, could not possibly further his claim of innocence and prevent the violation of his rights adequately. Thus, *Gideon* held that an accused was entitled to counsel at the trial stage unless there had been an intelligent waiver.

The United States Supreme Court has recognized the retrospective application of *Gideon*. See Linkletter v. Walker, 381 U.S. 618 (1965). In *Gault* the Supreme Court cited *Gideon* with approval, and said —

"There is no material difference in this respect between adult and juvenile proceedings of the sort here involved. In adult proceedings, this contention has been foreclosed by decisions of this Court. A proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child 'requires the guiding hand of counsel at every step in the proceedings against him.' Just as in Kent v. United States we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel is essential for purposes of waiver proceedings, so we hold now that it is equally essential for the determination of delinquency, carrying with it the awesome prospect of incarceration in a state institution until the juvenile reaches the age of 21."

The petitioner had the right to counsel and he was not so advised thereof. The court finds that he did not waive his right thereto. Other aspects of constitutional due process in the case sub judice need not be considered at this time.

The writ of habeas corpus, therefore, is granted and the petitioner is remanded to the juvenile court for trial with counsel, if desired, within 15 days of this order.