HERBERT B. FREDERICK, as County Solicitor of the Criminal Court of Record, Volusia County, Florida, *Petitioner*, vs. M. G. ROWE, as Judge of the Seventh Judicial Circuit, of the State of Florida, *Respondent*.

140 So. 915.

En Banc.

Opinion filed April 19, 1932.

Petition for rehearing denied May 20, 1932.

*Herbert B. Frederick*, for Petitioner;
*Jones & Green*, for Respondent.

TERRELL, J.—William Hill was informed against, tried, and convicted of a felony in the Criminal Court of Record for Volusia County. Judgment of conviction and sentence were entered against him and he forthwith filed his sworn petition for writ of Habeas Corpus in the Circuit Court of Volusia County, alleging that he was illegally restrained by the Sheriff of said county. The writ of Habeas Corpus was issued returnable before said court January 15, 1932. On the same date suggestion for prohibition was filed in this court by the petitioner and rule to show cause was issued returnable January 29, 1932. This cause now comes on to be heard on the issue made by the demurrer, plea, and answer of the respondent to the rule to show cause.

Two questions are brought here for our determination: viz, Should the proceeding in prohibition have been brought in the name of the state and does it lie to restrain further

proceedings in the Habeas Corpus suit pending in the Circuit Court.

Whether or not the proceeding in prohibition should have been brought in the name of the state was considered by the decision of this court in Dickenson vs. Parks filed March 29, 1932. True we were not confronted in that case with the direct question presented here though we held in effect that proceedings in prohibition in this state had reference always to the common law writ. Under the common law, the writ was sued out in the name of the crown or the state, but our statute (Section 3585 Revised General Statutes of 1920, Section 5450 Compiled General Laws of 1927) seems to contemplate that any plaintiff o'r plaintiffs may file the suggestion for the writ and that practice has been generally followed in this court. The rule appears to be general that while the suggestion may proceed in the name of the state, the state is not a necessary party and failure to do this is not fatal. Encyclopaedia of Pleading and Practice, Vol. 8, par. 1, page 1134; Baldwin vs. Cooley 1. S. C. 256; Roswell vs. Richardson 21 N.M. 104, 152 Pac. 1137; State ex rel. St. Louis & K. C. Co. vs. Hirzel, 137 Mo. 435, 37 S. W. 921; 38 S. W. 961; Davenport vs. Sterling Lumber Co. 143 La. 671, 79 So. 215.

Will prohibition serve to restrain further proceeding in the Habeas Corpus suit now pending before the respondent in the Circuit Court of Volusia County?

Relator contends that as to the Habeas Corpus suit, Respondent is proceeding without or in excess of jurisdiction and that consequently, prohibition will lie to intercept further proceedings. Respondent counters by asserting jurisdiction to adjudicate the issue raised in the Habeas Corpus suit.

Pertinent to this question, Section Eleven of Article Five of the Constitution of Florida defines the jurisdiction of Circuit Judges as follows:

"The Circuit Courts and Judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus, and all writs proper and necessary to the complete exercise of their jurisdiction."

Section Five of Article Five defines the jurisdiction of the Supreme Court as follows:

"The Court shall have the power to issue writs of mandamus, certiorari, prohibtion, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction. Each of the Justices shall have power to issue writs of habeas corpus to any part of the State upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the Supreme Court or any Justice thereof, or before any Circuit Judge."

Section Eleven of Article Five also provides that the Circuit Courts shall have appellate jurisdiction of all misdemeanors tried in the criminal courts and Section Five provides that the Supreme Court shall have appellate jurisdiction of all felonies tried in the criminal courts.

Habeas Corpus is an independent new suit and where there is some conflict among the decisions, the weight of authority is to the effect that it is civil rather than criminal in nature. 12 R. C. L. 1184. Its object is a speedy release by judicial decree of one illegally restrained of his liberty. Sections Five and Eleven of Article Five of the Constitution as here quoted lodge coordinate jurisdiction in the Supreme and Circuit Courts of this state in the matter of granting and considering writs of Habeas Corpus, writ of error lying to the Supreme Court in such causes adjourned by the Circuit Courts. Respondent was therefore authorized to issue the writ.

We think, however, that since Circuit Courts have no jurisdiction to review convictions for felony in the Criminal Courts of Record and since the petitioner in the

habeas corpus case involved here stands convicted of a felony in the Criminal Court of Record of Volusia County, the scope of the inquiry of the Circuit Court on said writ of habeas corpus is very much restricted.

Writ of error lying to the Supreme Court from the judgment of the Criminal Court of Record, power to adjudicate the legality of the information, the arraignment, the plea, the trial, verdict, motion for new trial, motion in arrest of judgment, judgment on the verdict, commitment, or any other feature of the trial was vested in the Supreme Court and could under no circumstances be exercised by the Circuit Court. An attempt to review any step in the cause on the part of the Circuit Court would amount to the usurpation of jurisdiction lodged exclusively in this court.

Habeas Corpus is essentially a writ of inquiry, it does not supersede or take the place of a writ of error, and while the respondent was authorized to issue the writ sought to be restrained, his inquiry thereunder is limited to the ascertainment of the fact of whether or not the petitioner was held under a commitment from the Criminal Court of Record. In the instant case, the suggestion for writ of prohibition alleges and shows all essential steps in the trial of the petitioner in the Criminal Court of Record including the commitment. The demurrer of Respondent admits these allegations. In that situation, the Respondent could make no order except to remand the petitioner.

The writ of prohibition is denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.