180 So.2d 367 (1965)
STATE of Florida ex rel. Richard E. GERSTEIN, State Attorney, Relator,
v.
Honorable George E. SCHULZ, Judge of the Circuit Court of Dade County, Florida, the other Judges of said Circuit Court, and Leevy Carlton Mears, Jr., James Clyde Kish, Alvin Goodman, Esquire, Attorney for Leevy Carlton Mears, Jr., and James Clyde Kish, and any and all other attorneys representing them, Respondents.
No. 65-862.
District Court of Appeal of Florida. Third District.
November 23, 1965.
*368 Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for relator.
Shevin, Goodman & Holtzman, Miami, for respondents.
Before CARROLL, BARKDULL and SWANN, JJ.
CARROLL, Judge.
This is an original proceeding in prohibition in which the state attorney questions jurisdiction of the circuit court, in habeas corpus to reduce bail set by the criminal court of record before trial, on a felony offense.
An information was filed in Dade County against the respondents Mears and Kish, charging them with certain felonies (breaking and entering a dwelling with intent to commit a felony, and assault and robbery therein). The information was returnable to the criminal court of record in Dade County. That court, prior to trial, set their bail at $50,000 on each of two counts. The defendants Mears and Kish sought reduction of bail in the circuit court, by petition for writ of habeas corpus in which they charged the bail was excessive. The circuit court issued a writ of habeas corpus, but prior to hearing thereon the suggestion in prohibition was filed and this court issued its rule nisi. Briefs were filed and the matter was argued. On consideration thereof we hold the circuit court has jurisdiction.
The relator in prohibition contends that the habeas corpus proceeding in the circuit court amounts to appellate review of the order of the criminal court of record setting bail in these felony cases, and that because the circuit court does not have appellate or supervisory jurisdiction over the criminal court of record in Dade County in felony cases,[1] the circuit court is proceeding in excess of its jurisdiction.
In certain prior decisions it has been duly noted that the constitutional grant of power to the circuit court to issue writs, such as habeas corpus, prohibition and mandamus, does not authorize their use as a means of exercising appellate jurisdiction or supervisory control over courts or causes as to which the circuit court lacks appellate jurisdiction.[2] Without receding or detracting from the effect of those decisions, we hold that in acting in habeas corpus to reduce bail which has *369 been set by a trial court before trial, the circuit court is not acting in excess of its jurisdiction. Such action by the circuit court is a proper exercise of its jurisdiction in habeas corpus to restore liberty (on bail which is not excessive) to an accused who otherwise would be illegally confined.
Section 9 of the Declaration of Rights of the Florida Constitution, F.S.A., guarantees to those charged with an offense the right to release on bail (except for capital offenses when the proof is evident and the presumption great). And Section 8 of the Declaration of Rights enjoins the imposition of excessive bail. The Florida Supreme Court has held that bail as thus provided for by the Declaration of Rights means bail which is reasonable in amount;[3] that what is reasonable bail is determined by the circumstances of the case;[4] and that excessive bail amounts to a denial of bail.[5]
The jurisdiction of the circuit court, in habeas corpus, to grant bail when it has been refused by a trial court is well recognized, without regard to whether the circuit court so acting has appellate jurisdiction of the court involved. The authority of the circuit court to so proceed stems from the guarantee of bail by the Declaration of Rights, coupled with the power granted to that court by the Constitution to issue writs of habeas corpus. A traditional purpose of the writ is to furnish a speedy hearing and remedy to one whose liberty is unlawfully restrained. In our view, the circuit court is performing a similar function when exercising jurisdiction in a proceeding in habeas corpus seeking reduction of bail which is claimed to be excessive. In reaching this conclusion we have noted that under the applicable statute habeas corpus is authorized to be resorted to as a means of reducing bail set by the trial court before trial, but that when the "prosecution is pending" jurisdiction to control the amount of bail is reposed in the trial court.
The pertinent statutory provisions were enacted together in Chapter 19554, Laws of Florida 1939, the Criminal Procedure Act, in Chapter 3 thereof relating to bail, which now appears as Chapter 903, Fla. Stat., F.S.A. They are the following:
"903.04
"(1) The court to whom an application for admission to bail is made, shall in all cases require written notice thereof to be given to the prosecuting attorney of the court having jurisdiction of the offense at least one hour before the hearing, unless notice is waived in writing by such prosecuting attorney.
"(2) When a committing magistrate, not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try defendant, and bail has been denied, or is alleged to be excessive, application by motion may be made to the court having jurisdiction to try the defendant, or in the absence of the judge of said trial court, in counties having a criminal court of record, court of crimes, or both, or either, application may be made to the judge of the circuit court of the county where the crime was committed.
"(3) In the event any trial court fixes bail, before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail.

"(4) If application is made to the supreme court notice shall be given to the attorney general. [Emphasis Added.]

*370 * * * * * *
"903.19
"The court in which a prosecution is pending may for good cause, after notice, either increase or reduce the amount of bail or require new or additional bail."
When read and construed together the quoted statutory provisions reveal legislative intent to provide an accused who is entitled to bail with a speedy means to secure his constitutional protection against excessive bail through habeas corpus, when bail has been set by the trial court before trial, and to empower the trial court to control reduction or increase of bail from the time of trial.
Although for determining the applicability vel non of a statute of limitations "prosecution" has been regarded as commencing when an arrest warrant is placed in the hands of an officer for service or when indictment or information is filed,[6] the separate provisions of § 903.04 (authorizing habeas corpus to reduce bail set by the trial court before trial) and § 903.19 (placing control of the amount of bail in the trial court when "prosecution is pending"), prompt the conclusion that the prosecution period referred to in the latter section is the actual prosecution or trial period, on and after the trial date. So construed, those sections of the statute have separate useful purposes and are harmonious. To construe the reference in § 903.19 to "prosecution pending" as applying before trial as well as after trial is reached, would place the latter section in jarring conflict with § 903.04(3), and could lead to unseemly conflict between two courts.
Accordingly, the rule nisi issued by this court is discharged and judgment is rendered in favor of the respondents.
It is so ordered.
NOTES
[1] See Art. V, Sections 5(3) and 6(3), Fla. Const., 26 F.S.A.
[2] Frederick v. Rowe, 105 Fla. 195, 140 So. 915, 916; State ex rel. Perky v. Browne, 105 Fla. 631, 142 So. 247, 250; State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244; Clark v. State ex rel. Rubin, Fla.App. 1960, 122 So.2d 807, 812; Buchanan v. State ex rel. Hunt, Fla.App. 1965, 171 So.2d 186, 189.
[3] Jones v. Cunningham, 126 Fla. 333, 170 So. 663.
[4] Mendenhall v. Sweat, 117 Fla. 659, 158 So. 280; 4 Fla.Jur., Bail & Recognizance § 33.
[5] Mendenhall v. Sweat, supra, at 281.
[6] Mead v. State, Fla. 1958, 101 So.2d 373; State v. Emanuel, Fla.App. 1963, 153 So.2d 839.