PER CURIAM.
The appellant stands charged by an information filed January 31, 1968, with the crimes of (1) breaking and entering a dwelling house and assaulting persons lawfully therein, (2) robbery and (3) assault with intent to commit murder in the first degree with a firearm.
The record discloses the appellant was arrested on January 28, 1968; that on January 29 a judge of the criminal court of record fixed his bail in the amount of $100,000, and on January 30 granted a hearing to the appellant (defendant below) on his motion to reduce the amount of the bail. That motion was denied by the trial court. Thereafter, on February 5, the defendant sought reduction of bail by petition for habeas corpus in the circuit court. After an evidentiary hearing thereon the circuit court denied the relief sought and dismissed the habeas corpus petition, without prejudice, by an order filed February 16, 1968, in which it was held that the petition in habeas corpus “has not been supported by sufficient facts to justify this court in reducing the amount of bail bond assessed by one of the judges of the trial court.” From that judgment in habeas corpus the petitioner filed this appeal on February 20, and on the appellant’s motion we advanced the appeal for an early hearing, and the matter was briefed and argued before this court.
Section 9 of the Declaration of Rights of the Florida Constitution, F.S. A., guarantees to those charged with an offense the right to release on bail (except for capital offenses when the proof is evident and the presumption great). And Section 8 of the Declaration of Rights enjoins the imposition of excessive bail. The Florida Supreme Court has held that bail as thus provided for by the Declaration of Rights means bail which is reasonable in amount; that what is reasonable bail is determined by the circumstances of the case; and that excessive bail amounts to a denial of bail.” State ex rel. Gerstein v. Schulz, Fla.App. 1965, 180 So.2d 367, 369.
Giving due accord to the above quoted statement of the applicable law, and having considered the record in this case and the briefs and arguments of counsel we conclude no reversible error has been shown. Accordingly, the circuit court’s judgment in habeas corpus is affirmed.