219 So.2d 77 (1969)
Jack C. RICHARDSON, Superintendent of Walter Beckham Youth Hall, Appellant,
v.
STATE of Florida ex rel. Richard Douglas MILTON, a 15 Year Old Minor, by Patricia Milton and William Milton, His Parents and Next Friends, Appellees.
No. 67-660.
District Court of Appeal of Florida. Third District.
February 18, 1969.
*78 Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellant.
Tobias Simon, Alfred Feinberg, Miami, Jack Greenberg, James M. Nabrit, III, and Michael Meltsner, New York City, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
This is an appeal taken by the supervisory authorities of a juvenile correction institute. By order of the Circuit Court of Dade County, the original proceeding which led to the incarceration of the minor appellee was set aside and a new hearing ordered. We are asked to decide one basic point of law, which is: whether the constitutional mandate which guarantees juveniles right to assistance of counsel at hearings, as determined in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, shall apply retroactively to either of two situations which occurred before that opinion was delivered.
The appellee was under the age of sixteen at all times pertinent hereto. In October, 1966, officials of Juvenile and Domestic Relations Court of Dade County filed in that court a petition charging that the appellee was a delinquent child within the statutory meaning of § 39.05(1) Fla. Stat. F.S.A., by reason of his habitual truancy from public school. A hearing was held on the matter in November, 1966, wherein the court found the appellee to be a delinquent child and imposed an indefinite sentence. He was placed on probation, however, and remained under the supervision of the court for an indefinite probationary period.
Then, in April of 1967, officials of the juvenile court filed a "Petition for Rehearing" in the juvenile court. Such petition contained a statement summarizing the sentence and probation which the court had previously imposed at the first hearing. It went on to allege specific violations of the probationary terms, to-wit, reckless driving, associating with a known felon, and truancy from school. The petition concluded with a prayer that "* * * the above named child and parents * * * be notified to appear before this court on a day certain to be dealt with according to law." On May 16, 1966, the hearing was held, at which the appellee's probation was revoked and he was sentenced to a six month period of incarceration in the Kendall Home. Soon thereafter, habeas corpus proceedings were initiated in the Circuit Court of Dade County, and, after appropriate hearings were held, that court entered its order which made these conclusions of law:
(1) The appellee had right to counsel at the first hearing, held prior to the Gault decision, supra, and was not advised of such right; and,
(2) that the appellee did not waive such right. The writ of habeas corpus was therefore granted "* * * and the petitioner (appellee) is remanded to the juvenile court for trial with a counsel, if desired, within 15 days of this order."
The first issue which confronts us now is whether the circuit court was within its jurisdictional bounds when it entertained the habeas corpus proceedings. The constitutional grant of power to issue writs of habeas corpus authorized the circuit court to entertain the petition and to issue a writ of habeas corpus in a case such as this. But inasmuch as the petition disclosed that the person was being held under *79 a court order entered in a proceeding for which the circuit court does not have original jurisdiction, and by a court over which the circuit court does not have appellate or supervisory jurisdiction, the circuit court's exercise of jurisdiction in the habeas corpus proceeding was subject to certain limitations. As this court pointed out in Clark v. State ex rel. Rubin, Fla.App. 1960, 122 So.2d 807, 812, and cases cited there, in such circumstance the circuit court may issue the writ to inquire into the cause of detention of the petitioner, and may discharge the person so held in custody if it is shown that his retention is without jurisdiction or that the order under which he is held is void; but the circuit court is not empowered in the habeas corpus proceeding to discharge a person so held under an order of the other court, for reasons other than illegality of the order, such as upon a determination of irregularity, insufficiency in form or substance or for other matters going to the propriety of the order.
Here the circuit court held that the order under which the petitioner was held was illegal and void for failure of the court to observe the person's constitutional right to be represented by counsel at the initial hearing in which he was committed as well as upon the subsequent proceeding in which his probation was revoked and detention ordered. Upon the circuit court so holding, the proper judgment to have been entered would be to grant the writ and discharge the petitioner. Instead, the circuit court remanded the petitioner, not to the respondent, but to the juvenile court for a new trial, to be held within 15 days, with directions (necessarily implied from the holdings expressed in the judgment) that in the new trial the juvenile court should apply the rules and standards outlined in the Gault case.
We find error and reverse the judgment, not only because the circuit court, having no appellate or supervisory jurisdiction, over the juvenile court, undertook to direct or supervise further proceedings in the case there, but also because we disagree with the ruling of the circuit court on which its judgment was based, which was that In re Gault, supra, should be applied retroactively in this case.
Moving on to the circuit court's findings, we hold that the court erred when it retroactively applied the Gault standards to the hearing of November, 1966. It is not necessary now to set out the detailed rationale which we are bound to apply in extracting the U.S. Supreme Court's criteria for retroactive application of a constitutional principle. This has been ably done in a scholarly opinion by Justice Thornal in State v. Steinhauer, Fla. 1968, 216 So.2d 214, and we are in accord with its holdings. Moreover, although the Steinhauer case specifically has left unanswered the question of whether Gault is to be retroactively applicable to a juvenile hearing wherein the initial determination of delinquency is made,[1] we hold that on the facts before us the doctrine of retroactive application is not justified with regard to the hearing of November, 1966. Our reason is that we do not feel that the reliability of the ultimate fact-finding process would have been measurably affected by the absence or presence of counsel.[2] The probability of having made an *80 incorrect determination of delinquency of an innocent person is remote and the employment of prior existing standards provided a reasonably reliable device for arriving at the truth, despite announced improvements available under the new standards in Gault to furnish counsel to an indigent respondent. See also Sult v. Weber, Fla.App. 1968, 210 So.2d 739; Cradle v. Peyton, 1967, 208 Va. 243, 156 S.E.2d 874, 878.
The parties have, by this appeal, also raised the correctness of the second hearing of May 16, 1967, wherein the appellee's probation was revoked, and his incarceration was ordered. It must be noted that the Gault opinion was not delivered until May 15, 1967; however, the "Petition for Rehearing" which instigated the proceedings in question was filed with the juvenile court on April 27, 1967, thus preceding Gault by about two weeks.
Appellee has predicated his attack on the premise that he was denied due process of law in the second hearing, in that this mandate was violated:
"* * * in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child." In re Gault, 387 U.S. at 41, 87 S.Ct. at 1451.
The record shows that two continuances were granted so that the appellee's parents could obtain private counsel, thus reflecting that they were apprised with actual knowledge of their right to counsel. Nevertheless, notwithstanding such actual knowledge, the failure of the juvenile court to completely inform the juvenile and his parents of the above-outlined guidepost from the Gault case might well constitute error where it not for the sequence of dates here.
The initial problem is whether the second hearing was commenced before the Gault decision, by virtue of the time when the "Petition For Rehearing" was filed (in which case, the next issue is the question of retroactivity); or, whether the date of the second hearing itself, i.e., May 16, 1967, is the crucial date which determines how the Gault decision is to affect the appellee (in which case, the next issue is whether the juvenile court properly applied Gault prospectively to the appellee). We have searched the Florida common law and have not uncovered any cases which squarely deal with the issue of commencement of juvenile proceedings. Thus, we must look to other sources. Although it is well recognized that juvenile proceedings are not criminal in nature, analogous problems within the criminal law have been presented to courts before and their opinions should not go unrecognized. In State v. Emanuel, Fla.App. 1963, 153 So.2d 839, the court held that the filing of a warrant, sufficient for arrest purposes when placed in the hands of a proper officer for service, commenced the state's prosecution of a crime and tolled the statute of limitations. This case construed § 932.05 Fla. Stat. F.S.A. and reaffirmed a long standing holding. See also Gossett v. Hanlon, Fla. App. 1967, 195 So.2d 865, 868 (dictum that the statute of limitations was tolled by the issuance of the coroner's warrant for service); State v. Hickman, Fla.App. 1966, 189 So.2d 254 (arrest warrant, even though signed by means of a rubber stamp, was held sufficient to toll the statute of limitations and commence the criminal proceedings); 1961 Op.Atty.Gen. 061-38, March 1, 1961 (prosecution of a crime held to begin when a warrant is sworn out before the proper committing magistrate and *81 placed in the hands of officer authorized to serve it).
In view of the foregoing, we hold that, since the "Petition For Rehearing" was filed prior to Gault, then the issue must be one of whether Gault is retroactively applicable to the second hearing, and not whether such hearing followed the Gault guidelines. We must answer this in the negative.
First, we cannot agree that the failure of the appellee or his parents to be given notice of their right to counsel at the State's expense if they be without funds to afford their own, directly affected the reliability of the truth-determining process. Had the appellee's circumstances been such that he arrived at this hearing without counsel, and the reason therefor was his family's lack of funds and their ignorance of the state's obligation in this regard, then our decision could not be the same. But the record before us indicates differently.
Secondly, in questions of the prospective limitations of newly-announced constitutional standards, the U.S. Supreme Court has verified, as a consideration on this issue, the interest of the administration of justice and the integrity of the judicial process. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (prospective limitation of the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081); Tehan v. U.S. ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (prospective limitation of the adverse comment rule of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (prospective limitation of the rule extending the right to counsel to pre-trial confrontations held for identification purposes.) In all the above cited cases, the court held that it
"* * * may in the interest of justice make the rule prospective. * * * where the exigencies of the situation require such an application * * * the criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Johnson v. New Jersey, supra, 384 U.S. 719 at 728, 86 S.Ct. 1772 at 1778, 16 L.Ed.2d 882.
Therefore, in view of the two principles set forth above, we conclude that the seccond hearing of May 16, 1967, was not bound by the Gault decision. See also Cradle v. Peyton, supra, 156 S.E.2d at 879-880.
Accordingly the judgment of the circuit court remanding the petitioner to the juvenile court for new trial is reversed, and we hereby modify and amend the judgment to remand the petitioner Richard Douglas Milton to the custody of the respondent, which in our view is the order that should have been entered in the circuit court.
It is so ordered.
SWANN, Judge (concurring in part and dissenting in part).
There are two important and separate dates to be considered by this appeal. The first was the original delinquency hearing and adjudication of November, 1966, in the juvenile court. The juvenile at that time was found to be a delinquent, given an indefinite sentence and placed on probation. He was not advised of his right to counsel and had none for this hearing. The Circuit Court order before us in the appeal held that the juvenile had a right to counsel at this hearing under the theory that the opinion of the U.S. Supreme Court in Gault, supra, should be applied retroactively. I agree.
The original adjudication of delinquency entered by the Juvenile Court of Dade County was improper because it was rendered *82 in violation of the juvenile's right to counsel. Although this adjudication was rendered six months prior to the decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), an analysis of recent United States Supreme Court decisions leads to the conclusion that the right to counsel announced in Gault must be applied retroactively to juvenile court adjudicatory hearings.
The test as to whether a newly-announced constitutional standard is to be applied retroactively or prospectively is three-fold: "(a) the purpose to be served by the new standards, (b) the extent of the reliance of law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967). While the test is simple, its application is difficult and its results have been less than uniform.
Using this test, the standards excluding evidence of unreasonable searches and seizures, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), providing a right to counsel at interrogations, Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), prohibiting comment on a defendant's failure to testify, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and providing a right to counsel at line-ups, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), have been applied prospectively only. See respectively, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
On the other hand, the cases dealing with the right to counsel at stages in the adjudicatory process were retroactively applied notwithstanding their impact or the reliance on prior law. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (arraignment); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (trial); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (appeal). This was done because the assistance of counsel at the adjudicatory stage relates to "the very integrity of the fact-finding process," Linkletter v. Walker, supra, at 639, 85 S.Ct. at 1743, and the absence of counsel infects "a criminal proceeding with the clear danger of convicting the innocent." Tehan v. United States, ex rel. Shott, supra at 416, 86 S.Ct. at 465.
The fact that the United States Supreme Court considers the right to counsel in the adjudicatory stages "in a class apart from other standards" was made clear in the court's last term. The right to counsel at a preliminary hearing, White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) and the right to counsel at sentencing and probation revocation, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) were applied retroactively. See Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968); McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Again, this was done because "denial of the right must almost invariably deny a fair trial." Arsenault v. Massachusetts, 393 U.S. at 6, 89 S.Ct. at 36, supra, 21 L.Ed.2d at 5.
The foregoing decisions impel the conclusion that Gault should be retroactively applied to juvenile adjudicatory hearings. Every time the United States Supreme Court has applied the right to counsel to one of the stages in the adjudicatory process, i.e., preliminary hearing, arraignment, trial, sentencing and probation revocation and on appeal, it has applied that right retroactively because the right affects the very integrity of the fact-finding process. *83 "Retroactivity depends upon a pragmatic balancing of the public interests against the gravity of the right involved. Thus, if the rule or newly established standard goes to the very integrity of the fact-finding process by which liberty is taken * * * retroactivity should be accorded even though it may result in wholesale [re]consideration of the standards by which factual determinations are made." Heryford v. Parker, 396 F.2d 393, 396-397 (10th Cir.1968). Contra, Sult v. Weber, Fla. App. 1968, 210 So.2d 739.
Admittedly, the foregoing United States Supreme Court decisions dealt with an application of the right to counsel to stages of a criminal prosecution. However, it is also clear that this distinction is not relevant in considering retroactivity. In Florida, a juvenile at a delinquency hearing faces the "awesome prospect" of indeterminate incarceration until age twenty-one. Fla. Stat. § 39.11(3) F.S.A. In Gault, the United States Supreme Court made it clear that this power places the juvenile "in the same shoes" as the criminal defendant in regard to the right to counsel. Citing to the decisions of Gideon and Powell, the court stated:
"There is no material difference in this respect between adult and juvenile proceedings of the sort here involved. In adult proceedings this contention has been foreclosed by decisions of this Court. A proceeding where the issue is whether the child will be found to be `delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." In re Gault, 387 U.S. 1, 36, 87 S.Ct. 1428, 1448 (1967).
"Precious constitutional rights cannot be diminished or whittled away by the device of changing names of tribunals or modifying the nomenclature of legal proceedings." United States v. Dickerson, 168 F. Supp. 899, 902 (D.D.C. 1958).
Another factor which indicates retroactive application of Gault is the fact that the Gault decision itself was a retroactive one. Gerald Gault's adjudication had become final under Arizona law. A collateral attack was then made on the adjudication, carried through the Arizona courts and eventually decided by the United States Supreme Court. This is precisely the same situation as occurred in Gideon v. Wainwright, where, although the decision did not expressly announce retroactivity, retroactive application was universally accepted because Gideon also reached the United States Supreme Court on a collateral attack. See Application of Billie, 6 Ariz. App. 65, 429 P.2d 699 (1967).
The recent decision of the Supreme Court of Florida, holding that Gault is not retroactive in regard to juvenile "waiver of jurisdiction" hearings does not militate against a finding of retroactivity. State v. Steinhauer, Fla. 1968, 216 So.2d 214. In fact, it suggests the conclusion reached. The Court there stated that the right to counsel cases previously cited herein, "could be analogous to juvenile court hearings for determination of delinquency with attendant commitment to detention" and concluded that, "In the retroactivity equation we have distinguished [the delinquency hearing] from the mere waiver of jurisdiction phase which is followed by a full hearing with the assistance of counsel before any commitment to detention can be adjudicated." Id., at 219, 220.
I am unable to agree that lack of counsel, even in cases as "simple" as this one which was based on an original charge of delinquency because of truancy, can be considered "harmless error." It is undisputed that the juvenile was absent from school for twenty-five days. However, the record also indicates that for twenty-three of the twenty-five days he stayed home with his parents' full knowledge and acquiescence. Under these circumstances I cannot conclude it would have been fruitless for an attorney to argue that the proper action might have been a proceeding against his parents under Fla. Stat. § 232.19, F.S.A. and not against him as a delinquent; or that *84 under these circumstances he was not guilty of being a delinquent.
At any rate, absence of counsel at an adjudicatory "trial" can never be considered harmless error. Chapman v. California, 386 U.S. 18, 23, at n. 8, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Thus, because the failure to fully apprise Richard Douglas Milton of his right to counsel at the first hearing affected the very integrity of the fact-finding process, the adjudication of delinquency should be vacated.
The second important date herein was May 16, 1967, the date upon which a second hearing was held. This hearing was based on a pleading filed April 21, 1967 and captioned "Petition for Rehearing." An examination of the substantive portion of this pleading shows that it essentially charged the juvenile with violation of his probation imposed as a result of the first adjudication of delinquency.
The second hearing in my opinion, was a revocation of probation hearing. It was held on May 16, 1967, which was one day after the Gault opinion of May 15, 1967.
The critical stage involved in the second hearing was not the date on which the "Petition for Rehearing" was filed but the date on which the second hearing was held, i.e. May 16, 1967.
It is admitted that the court had informed the juvenile and his parents of their right to have counsel at the second hearing. However, the record does not reveal that they were advised of their right to have counsel appointed to represent the child if they were unable to afford counsel.
The failure of the trial court to completely inform the juvenile and his parents of their constitutional rights to have appointed counsel present at the revocation hearing [the critical stage] resulted in reversible error. See Mempa v. Rhay and McConnell v. Rhay, supra. The second hearing was held after the pronouncement of the rules and standards of Gault, supra, and the second hearing was governed by these rules and standards albeit the court was unaware of the same.
Even assuming arguendo, as in the majority opinion, that the filing of the "Petition for Rehearing" prior to Gault was the critical stage of the second hearing, the right to counsel at revocation of probation hearings has been applied retroactively. Mempa v. Rhay and McConnell v. Rhay, supra.
I, therefore, concur in that part of the opinion concerning the propriety of habeas corpus. I dissent, for the aforesaid reasons, from the majority opinion decision insofar as the application of the rules and standards of the Gault decision are concerned.
NOTES
[1] "We are not called upon to decide, nor do we decide, the more compelling issue of the retroactivity of Gault in determination of delinquency of juvenile commitment hearings." State v. Steinhauer, Fla. 1968, 216 So.2d 214, 218. (Steinhauer itself deals with a hearing held to determine a voluntary waiver of jurisdiction of the juvenile court over a minor who had committed an act which would be a felony if committed by an adult.)
[2] Present as witnesses at the first hearing were the assistant principal of the appellee's school, one of his teachers, his mother, a probation officer of the juvenile court and the appellee. The assistant principal produced a record of the appellee's school attendance, and the judge then asked the appellee if he had been absent for 27 days. He replied, "Yes." to the question. This exchange was the basis for the court's finding of truancy and delinquency based thereon.