272 So.2d 207 (1973)
Jacob Dale JANES, Petitioner,
v.
William R. HEIDTMAN, As Sheriff of Palm Beach County, Florida, Respondent.
No. 73-61.
District Court of Appeal of Florida, Fourth District.
January 25, 1973.
Jacob Dale Janes, in pro. per.
No appearance for appellee.
MAGER, Judge.
Petitioner has applied to this Court for the issuance of a writ of habeas corpus. The application which is handwritten on wax paper, although somewhat disjointed and difficult to decipher, in essence, challenges the reasonableness of the detention and alleges confinement without bail.
Our file reflects that this application was originally filed in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.[1] However, the application was withdrawn and refiled in this court after the petitioner was advised by *208 the Circuit Court that jurisdiction to entertain the application rested with the District Court of Appeal. The Circuit Court reached its conclusion on the basis that in order to issue the constitutional writ of habeas corpus the Circuit Court must have appellate jurisdiction over the court whose actions formed the basis for the petition. The record before us does not indicate what other court may have been involved, i.e., a court of record as it existed prior to the revision of Article V, F.S.A., or possibly another judge of the same circuit court. It is, however, reasonable to infer that the Circuit Court assumed that it was acting in an appellate capacity and as such it did not have jurisdiction to entertain the writ of habeas corpus. Whatever the precise nature of the procedural circumstances, whether involving an "inferior" court or a judge of the same court, it is immaterial to our disposition of the matter under consideration.
The applicable provisions of the Florida Constitution both prior to and subsequent to the adoption of the newly revised judicial article vest the Circuit Court with the power to issue writs of habeas corpus. See Article V, Section 5(b), Constitution of Florida, 1972. The primary object of habeas corpus is to determine the legality of the restraint under which the person is held. 15 Fla.Jur. Habeas Corpus § 2. As pointed out in State v. Schulz, Fla.App. 1965, 180 So.2d 367 "a traditional purpose of the writ is to furnish a speedy hearing and remedy to one whose liberty is unlawfully restrained". In the application under consideration petitioner alleges that he has been held in the Palm Beach County Jail for some 80 days without having been brought to trial and that his confinement is without bail. The pertinent provisions of the Florida Constitution and applicable decisions relating thereto clearly recognize the jurisdiction of the Circuit Court in habeas corpus; the application presently before us is within the jurisdiction of the Circuit Court.
We are aware of those cases which have held that where custody or confinement is pursuant to an order of another court to which the circuit court has no appellate or supervisory jurisdiction, the circuit court exercise of jurisdiction in habeas corpus proceedings is subject to certain limitations. Richardson v. State ex rel. Milton, Fla.App. 1969, 219 So.2d 77; Clark v. State, Fla.App. 1960, 122 So.2d 807; Yates v. Buchanan, Fla.App. 1964, 170 So.2d 72; Buchanan v. State, Fla.App. 1965, 171 So.2d 186; Frederick v. Rowe, 1932, 105 Fla. 193, 140 So. 915; State v. Browne, 1932, 105 Fla. 631, 142 So. 247. Under such circumstances:
"... [T]he circuit court may issue the writ to inquire into the cause of detention of the petitioner, and may discharge the person so held in custody if it is shown that his retention is without jurisdiction or that the order under which he is held is void; but the circuit court is not empowered in the habeas corpus proceeding to discharge a person so held under an order of the other court, for reasons other than illegality of the order, such as upon a determination of irregularity, insufficiency in form or substance or for other matters going to the propriety of the order." Richardson v. State ex rel. Milton, supra, 219 So.2d at p. 79.
It is clear therefore that the circuit court has the jurisdiction to entertain the writ for the purpose of inquiring into the legality of the detention in accordance with the criteria set forth in the above cited cases. Moreover, the circuit court has jurisdiction in habeas corpus to grant bail "without regard to whether the circuit court so acting has appellate jurisdiction of the court involved." State v. Schulz, supra. As was further observed in State v. Schulz, supra, 180 So.2d at p. 369:
"... The authority of the circuit court to so proceed stems from the guarantee of bail by the Declaration of Rights, coupled with the power granted to that *209 court by the Constitution to issue writs of habeas corpus... ."
Inasmuch as the petition before us was filed in this court solely on the basis that the matter was beyond the jurisdiction of the circuit court and having concluded that the matter was properly within the jurisdiction of the circuit court, it would seem appropriate to transfer the matter to the circuit court for further disposition. However, the recent decision by the Supreme Court of Florida in State ex rel. Soodhalter v. Baker, Fla. 1971, 248 So.2d 468, raises some question as to the authority of this court to directly transfer an original proceeding to a trial court. This court however does have the power under the constitution to issue writs of habeas corpus returnable to the circuit court.
Accordingly, in light of the foregoing observations the petition having shown a prima facie case for relief, an order to show cause directed to the respondent shall issue to be made returnable before the circuit court, such order to be issued contemporaneously with the filing of this opinion.
So ordered.
REED, C.J., and OWEN, J., concur.
NOTES
[1] Our file further reflects that the application, while having been submitted to the Circuit Court for filing, was never formally filed for the reasons more specifically set forth in this opinion.