276 So.2d 109 (1973)
STATE of Florida ex rel. Peter J. RENALDI, Relator,
v.
Jack O. SANDSTROM, Director, Corrections and Rehabilitation Department, Respondent.
No. 73-257.
District Court of Appeal of Florida, Third District.
April 16, 1973.
Strauss & McCormick and Arthur W. Tifford, Miami, for relator.
Richard E. Gerstein, State's Atty., for respondent.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.

REVISED OPINION
HENDRY, Judge.
Petitioner has applied to this court for the issuance of a writ of habeas corpus. The petition, in substance, challenges the $150,000 bond set by a judge of the Circuit Court prior to trial as being excessive and amounting to a denial of bail. We are of the opinion, without going to the merits of petitioner's claims, that this court's jurisdiction to hear such matters should not be invoked in this and similar cases where concurrent jurisdiction of the cause lies within the circuit court by means of habeas corpus.
Subsequent to the passage of the new Article 5 of the Florida Constitution, F.S.A., it has been the impression of many members of the bench and bar that the consolidation of the trial court system into two levels, county and circuit courts, prevented circuit judges from entertaining petitions *110 for writs of habeas corpus directed at actions of other circuit courts or judges. See, e.g., Janes v. Heidtman, Fla.App. 1973, 272 So.2d 207. Thus, petitions for writs of habeas corpus that were traditionally directed to the circuit courts are now being directed to this court. We are of the belief that such a construction of the new judicial reorganization is unwarranted and that many of such petitions are more correctly addressed to the circuit courts.
Recently, the Fourth District Court of Appeal has had occasion to discuss the problem in the case of Janes v. Heidtman, supra. The court noted the general rule that a circuit court is not empowered, through a proceeding in habeas corpus, to review an action of a court over which it does not have supervisory or appellate jurisdiction except for very limited circumstances. 272 So.2d at 208; Clark v. State, Fla.App. 1960, 122 So.2d 807. Citing many cases[1] which pointed out the limited exceptions to this rule the court stated: (272 So.2d at 208)
"It is clear therefore that the circuit court has the jurisdiction to entertain the writ for the purposes of inquiring into the legality of the detention in accordance with the criteria set forth in the above cited cases. Moreover, the circuit court has jurisdiction in habeas corpus to grant bail `without regard to whether the circuit court so acting has appellate jurisdiction of the court involved.'" [Quoting from State v. Schulz, Fla.App. 1965, 180 So.2d 367.]
We have carefully considered the opinion of the court in Janes, supra, and the cases cited in support thereof and are of the belief that Janes does accurately reflect the law of this state in such matters. It thus appears from Janes and cases cited therein that as a general rule the circuit court is not empowered, through habeas corpus, to review the propriety, regularity or sufficiency of an order of a court over which no supervisory or appellate jurisdiction is had. Richardson v. State ex rel. Milton, Fla.App. 1969, 219 So.2d 77. Moreover, such a review is not permitted by the circuit court over issues dealing with the legality of the information, arraignment, plea, trial, verdict, motion for new trial, motion in arrest of judgment, judgment on the verdict, commitment, or any other feature of the trial. Frederick v. Rowe, 1932, 105 Fla. 193, 140 So. 915.
We do note, however, and nothing within the Janes decision or decisions cited therein indicates to the contrary, that the limited jurisdiction of the circuit court in the aforementioned matters is concurrent with the jurisdiction of this court. This concurrent jurisdiction in the circuit court and District Courts of Appeal derives generally from Article V, Sections 4 and 5 of the Florida Constitution,[2] as recently amended, and CrPR 3.130(c)(2),[3] as it pertains specifically to the case sub judice. *111 However, it has been noted that in actions in the nature of quo warranto and mandamus brought before an appellate court with concurrent jurisdiction in the circuit courts, the appellate court can, in the exercise of its discretion, either decline to take jurisdiction or dismiss the cause after taking jurisdiction due to factors dealing with the necessity for fact finding, judicial expediency, and to avoid a burden on the appellate system. See: State ex rel. Ake v. Swanson, 116 Fla. 464, 156 So. 481; State ex rel. Davis v. City of Avon Park, 117 Fla. 565, 158 So. 159, 98 A.L.R. 230; State ex rel. Harris v. Gautier, 108 Fla. 390, 147 So. 846; State ex rel. Watkins v. Fernandez, 106 Fla. 779, 143 So. 638; State ex rel. Clark v. Klingensmith, 126 Fla. 124, 170 So. 616; Ex Parte Ivey, 26 Fla. 537, 8 So. 427. We are of the opinion that many of the considerations noted in the above-cited cases are just as valid in this habeas corpus proceeding and compel our conclusion that the circuit courts are better able to dispose of these matters. As our Supreme Court has stated in State ex rel. Watkins v. Fernandez, supra: (143 So. at 638)
"While we hold that the relator brought the proper action ... we think that there are patent reasons why we should not retain jurisdiction of the cause. In the first place, the circuit court has coordinate jurisdiction with this court to grant the writ, the issues are such that testimony will have to be taken... and ... [T]his court ... has no facilities for taking testimony. It was never intended that it perform the function of a nisi prius court; this being peculiarly within the province of the circuit court. If we take original jurisdiction in this contest, other matters of similar character will press us for attention to such an extent that the appellate work will be very much delayed."
Moreover, our taking of jurisdiction might well result in the need for the court to appoint a fact finding commissioner, since this court is not equipped to hear such testimony. This process of shuttling the case back and forth would do nothing but delay the outcome of the cause and defeat the very purpose of the extraordinary writ of habeas corpus, to-wit: "to furnish a speedy hearing and remedy to one whose liberty is unlawfully restrained." Janes v. Heidtman, supra, 272 So.2d at 208; State v. Schulz, supra, 180 So.2d at 369.
Accordingly, the petition for writ of habeas corpus herein sought is hereby dismissed without prejudice to the petitioner to seek his remedy before the circuit court. See: State ex rel. Soodhalter v. Baker, Fla. 1971, 248 So.2d 468.
CARROLL, Judge (concurring specially).
I concur in the decision, holding as did the Fourth District Court of Appeal recently in Janes v. Heidtman, Fla.App. 1973, 272 So.2d 207, that a circuit court may entertain a petition for habeas corpus seeking reduction of bail which has been fixed by a circuit judge.
I also agree with the position expressed in this court's opinion that because trial of the issue or issues presented under a habeas corpus writ by which reduction of bail is sought ordinarily will involve a nisi prius type hearing necessitating the taking of testimony, for which an appellate court does not have facilities, the matter more properly should be presented to the circuit court rather than to the appellate court, although both courts have jurisdiction to issue such writs of habeas corpus.
In the Rules of Criminal Procedure, as revised December 6, 1972, effective February 1, 1973, it is provided in Rule 3.130(c) (2) CrPR, 33 F.S.A. (as it was formerly by § 903.04(3) Fla. Stat., F.S.A., now repealed), that when bail has been fixed by any trial court before trial, a defendant may institute habeas corpus proceedings seeking reduction of bail. And by subsection (f) of Rule 3.130 (as formerly provided by § *112 903.19 Fla. Stat., F.S.A., now repealed) the court in which a prosecution is pending may control the amount of bail. The interrelation of those two rules (in their prior statutory form) as to the procedures for seeking reduction of bail before trial, and after the time of trial, was discussed by this court in State ex rel. Gerstein v. Schulz, Fla.App. 1965, 180 So.2d 367, 369-370.
Where a defendant, as to whom bail has been fixed by a circuit court or a court of inferior jurisdiction, seeks reduction thereof before trial, by petition for habeas corpus filed in the district court of appeal, the appellate court, for the practical reason referred to above, may relegate the matter to the circuit court in the manner provided for in the opinion and judgment of this case, or by the alternative of issuing the writ of habeas corpus and making the writ returnable before a judge of the circuit court within the appellate district, as expressly provided for in the Constitution, Art. V, § 4(b)(3), F.S.A., stating: "A district court of appeal or any judge thereof may issue writs of habeas corpus returnable before that district court of appeal or any judge thereof, or before any circuit judge in that district."
Under either of those procedures the result would be the same, because in both instances the matter presented for determination on the writ and a response thereto, as to whether previously fixed bail should be reduced, would be heard and ruled on in the circuit court. Thereby the petitioner in habeas corpus would gain an advantage in that if the circuit court should enter an order denying reduction of bail that judgment in the habeas corpus would be appealable to the district court, whereas a similar order, if made by a district court of appeal, may not be thus entitled to appellate review.
It may be more in strict conformity to the law for a district court of appeal to which such an application in habeas corpus is made to issue the writ, making it returnable before a circuit judge, rather than to dismiss the petition without prejudice to refile in the circuit court. This is so because of the express provision of § 79.01 Fla. Stat., F.S.A., that the court (whether Supreme Court, district court of appeal, or circuit court), or a judge thereof to whom an application is made for the issuance of a writ of habeas corpus (showing probable cause to believe the petitioner is detained without lawful authority) "shall grant the writ forthwith against the person in whose custody the applicant is detained and returnable immediately before any of the courts, justices or judges as the writ directs." [Italics supplied.]
NOTES
[1] Richardson v. State ex rel. Milton, Fla. App. 1969, 219 So.2d 77; Clark v. State, Fla.App. 1960, 122 So.2d 807; Yates v. Buchanan, Fla.App. 1964, 170 So.2d 72; Buchanan v. State, Fla.App. 1965, 171 So.2d 186; Frederick v. Rowe, 1932, 105 Fla. 193, 143 So. 915; State v. Browne, 1932, 105 Fla. 631, 142 So. 247; State v. Schulz, Fla.App. 1965, 180 So.2d 367.
[2] Article 5, § 4(b) notes the jurisdiction of the district courts of appeal as being, inter alia:

"(3) A district court of appeal or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof or before any circuit judge within the territorial jurisdiction of the court."
The jurisdiction of the circuit courts, as enumerated in Article 5, § 5(b), includes:
"[T]he power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus .. ."
[3] CrPR 3.130(c)(2) provides:

"(2) In the event any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the Supreme Court, or district court of appeal, notice shall be given to the attorney general."