285 So.2d 409 (1973)
STATE of Florida ex rel. William SCALDEFERRI, Petitioner,
v.
Jack SANDSTROM, Director of Corrections and Rehabilitation of Dade County, Respondent.
No. 43504.
Supreme Court of Florida.
October 31, 1973.
*411 Jack R. Nageley, Miami Beach, for petitioner.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for respondent.
DEKLE, Justice.
This is an original proceeding in habeas corpus wherein petitioner, held in the Dade County Jail for trial on a felony charge, seeks reduction of a $150,000 appearance bond imposed by the Circuit Court for the Eleventh Judicial Circuit.
We of course have concurrent jurisdiction in habeas corpus with the district and circuit courts.[1] This does not mean, however, that a petitioner has three direct, repetitious applications available to him, one to each of these courts in sequence upon the same subject matter.[2] However, relief through habeas corpus cannot be denied a petitioner in the district court or in the Supreme Court, should the trial court for some reason refuse to hear or should frustrate the petitioner upon his petition in habeas corpus, for he is constitutionally guaranteed this basic right.[3] We shall here endeavor, however, to delineate the normal and orderly manner of pursuing the right in the appropriate court.
The petition before us is for consideration of possible error or denial of due process, in particular upon an alleged denial of reasonable bail before trial. CrPR 3.130(c), 33 F.S.A. Inasmuch as the district court proceeding was a "judgment" by virtue of its dismissal on the merits (albeit without prejudice to proceed in the circuit court), it follows that the form of the petition filed here as a second petition for "habeas corpus" cannot be entertained as such in light of Fla. Stat. § 79.10, F.S.A., and State ex rel. Miller v. Kelly, 88 So.2d 118 (Fla. 1956). However, under new Article V, § 2(a), we may proceed to entertain a petition which has merit, in whatever form is proper and in this instance it would appear that the matter before us is in reality a petition for writ of certiorari to the district court's opinion upon conflict. We shall consider it as such. The *412 present cause was timely brought within the 30 days for review here as a petition for certiorari (as we have considered it).
We find conflict between the district court's holding for review here, reported at 274 So.2d 610 (Fla.App.3d 1973), and our earlier Florida cases of Jones v. Cunningham, 126 Fla. 333, 170 So. 663 (1936), and State ex rel. Cohen v. Wingate, 94 So. 862 (Fla. 1923), wherein this Court retained jurisdiction of proceedings in habeas corpus filed originally here, where bail was challenged as excessive. We are aware of those other decisions which express a preference to remand to the trial court where a record is required to be made. It will be hereinafter seen, however, that there is a sufficient record here upon which to act.
Judge Norman Hendry's Third District opinion in State ex rel. Renaldi v. Sandstrom, 276 So.2d 109 (1973), and Judge Gerald Mager's Fourth District opinion (cited in Sandstrom) in Janes v. Heidtman, 272 So.2d 207 (Fla.App. 1973), have considered the problem of concurrent jurisdiction in habeas corpus cases. These opinions contain excellent reviews of the question and agree in their correct conclusions that the circuit court is not empowered generally to review by habeas corpus the orders of courts over which the circuit court does not have appellate jurisdiction, particularly as to the legal sufficiency of the order sought to be reviewed, although the circuit court may entertain such a proceeding and discharge a petitioner held under an illegal or void order. Richardson v. State ex rel. Milton, 219 So.2d 77, 79 (Fla.App.3d 1969).
There is jurisdiction in our circuit courts to act in habeas corpus regarding bail, without regard to their appellate authority to review orders of the court whose earlier order on bail is brought into question. State v. Schulz, 180 So.2d 367 (Fla. App.3d 1965). This basic habeas corpus review is essential to insure constitutional guarantees of liberty (Fla. Const. Art. I, § 2  Basic Rights), and right to bail (Art. I, § 14).
Renaldi, while recognizing this right of review regarding matters of bail as being vested concurrently in the circuit and the appellate courts, "defers" to the circuit court as being better equipped for essential fact-finding in reaching a conclusion. Art. V, §§ 4 and 5; CrPR 3.130(c)(2).
Renaldi concluded that the more efficient and proper jurisdiction of the concurrent courts available for review of bail by habeas corpus, would be the circuit court rather than the appellate courts, referring to the lack of facilities for fact finding on a matter of bail reduction which would face the appellate court system, citing State ex rel. Ake v. Swanson, 116 Fla. 464, 156 So. 481 (1934); State ex rel. Davis v. City of Avon Park, 117 Fla. 565, 158 So. 159, 98 A.L.R. 230 (1934); and quoting from our own State ex rel. Watkins v. Fernandez, 106 Fla. 779, 143 So. 638 (1932).
We continue to agree with the view that concurrent jurisdiction in considering matters of bail should be exercised in the circuit court. In Lambert v. State, 151 So.2d 675, 677 (Fla.App.1st 1963), the court said in this respect:
"By statute, the trial court and any justice of the appellate court has concurrent jurisdiction to set bail pending appeal, but when the trial court has acted in the matter, this court will not entertain another original application to fix or modify bail, although upon appropriate proceedings the reasonableness of bail and the alleged abuses of discretion may be reviewed in this court."
If a proceeding on bail is filed in the appellate court as a petition for habeas corpus and is accompanied by a sufficient record and affidavits for a determination in the appellate court it is proper for review there. Or if there has been a circuit court adjudication upon motion either to increase or reduce bail under CrPR 3.130(f) And there is a sufficient accompanying record thereon, then it is proper in that instance also, for consideration *413 in the appellate court upon original habeas corpus. Certiorari may also lie (as sub judice) even though the matter has been treated below on habeas corpus.
Habeas corpus proceedings are historically informal with affidavits allowed which will readily provide the necessary record for appellate review. Fla. Stat. § 79.07, F.S.A. This is not only in the interest of an economy of litigation but it is also a solution in those instances regarding an application for reduction of bond which falls before a different circuit judge, as it well may do within our presently expanded circuit court under new Article V, under which the former courts of record are now incorporated in the same circuit court, so that a judge of equal jurisdiction might be put in the position of "reviewing" (in a multiple judge circuit) another circuit judge's action in setting the original bond. This can be awkward and undesirable within the circuit and inconsistent orders in the same case may result.
The solution to the problem of one circuit judge "sitting in judgment" or in review of another circuit judge in the same court would be to file the appropriate motion for reduction (or increase, as here) of bail under CrPR 3.130(f) before the same circuit judge (rather than by habeas corpus allowing it to fall before a different circuit judge) in order to leave open the habeas corpus petition as a vehicle for review in the appellate court. § 79.10. Evidence should be submitted and a record made upon such motion as to bail, which record would be a proper basis for appellate review. The circuit judge's ruling upon the record made before him may then be taken to the appellate court for review if the time for such review has not run, or by habeas corpus in the event the time for appellate review has run. The appellate court would not then be handicapped by a requirement for fact finding which is the basis for State ex rel. Watkins v. Fernandez, supra, and the other cited cases. There would be a record upon which the appellate court could act. Some method of review  by appeal, certiorari, or by habeas corpus after a record made in the trial court and submitted  must be available to an aggrieved defendant, else he is deprived of an effective appellate proceeding.
We therefore now extend the review of bail beyond Sandstrom and Janes, to afford appellate review in those circumstances where there is a grievance in the lower court regarding the amount of the bail bond, and where there is a record upon which the appellate court can act.[4]
Sub judice there is a record on the setting of the bond. This is the record which was made (and accompanied the petition) when testimony was taken upon the State's application to the circuit court to increase the $1,000 appearance bond initially set by the magistrate upon petitioner's first appearance after arrest. The record attached covers all testimony and factors which would have been submitted and argued upon a motion for reduction of bail under CrPR 3.130(f). The State simply moved first.
From the record before us, it is apparent that $150,000 bail was excessive under the circumstances and could not be reasonably met by this petitioner. In the interest of an economy of judicial labor, we shall (rather than to remand to the district court, for ruling) proceed to rule upon the record before us. Upon careful consideration of the record and applicable legal principles we find that a reduction of bail is proper and do hereby reduce bail for petitioner to $50,000.00.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and McCAIN, JJ., concur.
NOTES
[1] Fla. Const. art. V, §§ 3, 4 and 5, F.S.A.
[2] Fla. Stat. § 79.10, F.S.A.; State v. Kelly, 88 So.2d 118 (Fla. 1956) (res judicata); cf. Jones v. Wainwright, 252 So.2d 570 (Fla. 1971); Johns v. Wainwright, 253 So.2d 873 (Fla. 1971).
[3] Fla. Const. Art. I, § 12.
[4] Judge Carroll's special concurrence in Renaldi points out the alternatives of issuing the writ returnable before the circuit court for hearing or relinquishing the matter to the circuit court for the same purpose, but neither of these alternatives should be employed if there is a sufficient record before the appellate court upon which it can rule.