PER CURIAM.
Patty Elizabeth King was arrested in January, 1990, and charged with trafficking and sale of cocaine and cannabis. She was released on her own recognizance in February, 1990, with certain conditions including weekly contact with court services. This latter condition was removed in July, 1991, because of the defendant’s cooperation to that point.
Prior to trial the court granted a motion to sever offenses and to limit comment and evidence to the date of arrest in one trial as to certain counts. Petitioner alleges that prior to making opening statements, the prosecutor proffered new evidence in the form of a tape recorded telephone conversation between the defendant and a confidential source. According to petitioner, the source asked King what testimony she wanted given in the upcoming trial. No action was immediately taken against the defendant but subsequently a prosecution witness violated the trial court’s order as to the scope of the evidence and a mistrial was declared. At the same time the court on its own motion revoked the defendant’s release and ordered that she be held in the county jail without bond. King now seeks relief from this court by a petition for writ of habeas corpus. Petitioner argues that the revocation of release amounts to pretrial detention in violation of section 907.-0.41, Florida Statutes, and Rule 3.132, Florida Rules of Criminal Procedure. Further, petitioner contends that revocation of release without proper notice denied the petitioner due process of law. Lambert v. State, 151 So.2d 675 (Fla. 1st DCA 1963). Criminal Rule 3.131(d)(2) provides that an application for modification by the state must show good cause and at least three hours notice must be given to counsel for the defendant.
Although we find petitioner’s legal arguments persuasive, we deny the habeas corpus petition without prejudice to her right to further seek relief in the circuit court. The appendix which accompanies the petition does not include a transcript of the trial proceedings described above and thus we are being asked to accept petitioner’s version of the events as true. More importantly, however, petitioner makes no claim that she timely objected to the revocation of her pretrial release or that she subsequently moved for modification of the order. We are mindful that the court’s jurisdiction to issue a writ of habeas corpus “should be exercised with extreme caution and only in a clear case.” Llerandi v. Blackburn, 97 So.2d 247, 249 (Fla.1957).
We find guidance in the decision of the Supreme Court of Florida in State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973). There the court considered the jurisdictional and policy questions involved in determining to which court a criminal defendant should apply in seeking relief from a pretrial bail order considered excessive. It found that while there is concurrent jurisdiction among the courts of this state to review a circuit court’s pretrial bail determination, the jurisdiction of the circuit court, at least initially, should be first invoked through a motion to reduce or modify bail in order to create a record for an appellate court to review. Id. at 412-13. While the case before us is in a different procedural posture, we find the record before us inadequate to make a proper disposition of the claims of petitioner. Accordingly, we deny the petition for writ of habeas corpus without prejudice to King’s right to apply to the trial court to modify the order denying pretrial release. In the event relief is denied, petitioner may return to this court and apply for a writ of habeas corpus.
PETITION DENIED WITHOUT PREJUDICE.
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.